**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arturo LOPEZ–GARCIA, Defendant-Appellant.**

**No. 81–1676.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 1982.

Decided Aug. 9, 1982.

Gerald T. McFadden, San Diego, Cal., for defendant-appellant.

Pamela J. Naughton, Asst. U.S. Atty., argued; William H. Kennedy, U.S. Atty., Pamela J. Naughton, Asst. U.S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Before BROWNING, TANG and FARRIS, Circuit Judges.

## PER CURIAM:

Garcia was adjudged a juvenile delinquent for entering the United States illegally in violation of 8 U.S.C. § 1325.

We affirm.

## FACTS

On September 24, 1981, United States Border Patrol agents boarded a northbound train at Oceanside, California and began questioning and removing certain passengers. An agent observed that the defend-ant "appeared very nervous and was sitting very rigid" in one of the cars. The agent asked the defendant's citizenship in English and the defendant replied, in English with an accent, that he was a United States citizen born in San Diego. The agent then removed defendant from the train and questioned him at length as to his citizenship. Defendant repeated that he was a United States citizen born in San Diego. The agent remanded defendant to the custody of the senior agent in charge, Agent Burns. In response to Burns' questions, defendant stated that he was a United States citizen born at Cabrillo Hospital in San Diego.

The agents then took defendant to a border patrol vehicle near the depot and informed him that they were going to do some checking and that he might be charged with alien smuggling. While the defendant was in the vehicle, an agent observed defendant bending over as if trying to hide something. Defendant was searched and a one-way train ticket from Del Mar, California to Fullerton, California was found. Defendant was placed under arrest and advised of his rights. Agent Burns then asked defendant his citizenship and defendant stated that he was born in Guadalajara, Jalisco, Mexico.

The defendant was taken to the Border Patrol Station and readvised of his rights. Again the defendant stated that he was born in Mexico and further added that he entered the United States two miles east of the San Ysidro, California Port of Entry. The defendant admitted he was illegally in the United States. At this time he used the name Antonio Lopez-Fernandez.

The next day defendant was interviewed by Agent Mann, a criminal investigator with the United States Border Patrol. The defendant reiterated the data he had given to Agent Burns, including the country of his birth. Agent Mann then perused his file to try to establish the defendant's identity and any prior record. He located a card with a photograph with which he confronted the defendant. Defendant then admitted he was the person in the photograph

and that his name was actually Arturo Lopez-Garcia.

On September 28, 1981, a complaint was filed in the United States District Court for the Southern District of California charging defendant with entering the United States illegally in violation of 8 U.S.C. § 1325.

When the defendant appeared before the magistrate, he testified that his birthdate was March 13, 1964, and that he was a juvenile. On September 29, 1981, an information was filed, charging defendant with juvenile delinquency under 18 U.S.C. § 5032 by virtue of his violation of 8 U.S.C. § 1325. Defendant filed a consent to be tried by a United States magistrate but the magistrate held he did not have jurisdiction and transferred the case to the district court.

On October 9, 1981, after a hearing, Judge Thompson remanded the case to the magistrate, holding the magistrate did have jurisdiction. On October 9, 1981, the parties appeared before the magistrate and he again transferred the case back to Judge Thompson, ruling that even if he did have jurisdiction, he had discretion to decline to hear the case and to transfer it to the district court.

The matter was tried before Judge Thompson, without a jury, on October 9, 1981, and Judge Thompson adjudicated the defendant delinquent.

On October 27, 1981, defendant was sentenced to the custody of the Attorney General for a period of six months but the execution of sentence was suspended and defendant placed on probation for the period of his minority which expires on March 13, 1985.

On appeal defendant argues: (1) the district court should have granted his motion for acquittal because there was insufficient evidence to corroborate his extra-judicial confession; (2) the magistrate abused his discretion in not conducting the case and in transferring it to the district court; and (3) the district court erred in sentencing a juvenile to a probation term of three years for a petty offense, where the maximum period of confinement for an adult was six months.

DISCUSSION

I. *Sufficiency of the evidence*

Defendant seeks to have the judgment reversed and to be discharged on the grounds that his confession that he illegally entered the United States in violation of 8 U.S.C. § 1325 was not sufficiently corroborated by other evidence.

In *Smith v. United States*, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954), the Supreme Court set forth the standards governing corroboration of confessions. The Court held that all elements of the offense must be established by independent evidence or corroborated admission. *Id.* at 156, 75 S.Ct. at 199. The Court went on to say, however, that one available mode of corroboration is for the independent evidence to "bolster" the confession itself and thereby prove the offense through the statements of the accused. Under that standard, said the Court, the government may provide the necessary corroboration by introducing substantial evidence, apart from the accused's admissions, "tending to show" that the accused committed the offense. *Id.* at 157, 75 S.Ct. at 199.

■ This court has ruled that although a confession must be corroborated by independent evidence, the corroboration need not independently establish any element beyond a reasonable doubt, but must "merely fortif[y] the truth of the confession." *United States v. De Georgia*, 420 F.2d 889, 890 n.3 (9th Cir. 1969).

■ Under these standards, the district court did not err in concluding that the confession was sufficiently corroborated. As the district court noted, the confession was corroborated by the facts, among others, that: (1) defendant was stopped in Oceanside, California which is some 40 miles north of San Diego; (2) he was stopped while traveling on a train in a northerly direction; (3) he was observed to be nervous and rigid; and (4) he had a one-way ticket to Fullerton, California which he was attempting to secret. These facts are sufficient at least to "bolster," "fortify," or "tend to prove" and corroborate the truth

of his confession that he entered the United States illegally. In addition, we note the attempts to conceal identity by the giving of different false names each time he made a statement and the presence of his photograph in the INS file as additional facts corroborative of the confession of illegal entry.

## II. *Magistrate's jurisdiction*

Magistrate Rule 2(c) provides in part:

If the defendant signs a written consent to be tried before the magistrate . . . , the magistrate shall take the defendant's plea to the misdemeanor charge.

Defendant contends that once a defendant files a consent to be tried before a magistrate, Rule 2(c) makes the magistrate's jurisdiction mandatory. He contends that his conviction should be reversed because he filed a Rule 2(c) consent, but was tried in district court over his objections. We disagree.

■ The identical argument under virtually identical facts was raised and rejected in *United States v. Gonzalez-Cervantes*, 668 F.2d 1073 (9th Cir. 1981). In that case the issue was whether a juvenile who consents to a trial before a magistrate has an absolute right to be tried or to enter a plea before a magistrate. *Id.* at 1074. We decided that he did not. *Gonzalez-Cervantes* controls this case. The district judge did not err in hearing the matter upon its retransfer from the magistrate.

## III. *Sentence of probation*

■ Defendant argues that a juvenile may not be sentenced to a term of probation that exceeds the maximum period of confinement that an adult could receive. Again, the argument was squarely confronted in *Cervantes-Gonzalez* and unanimously rejected under facts identical to those presented by the instant appeal. *Id.* at 1076.

The judgment of the district court is AFFIRMED.