845 F.2d 329
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel FIGUEROA-CORRALES, Defendant-Appellant.
 No. 87-1279.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1988.
Decided April 13, 1988.
 Before CHAMBERS, SNEED and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Manuel Figueroa-Corrales appeals his conviction for misdemeanor illegal entry into the United States, 8 U.S.C. Sec. 1325. We affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 On November 14, 1986, border patrol agents pursued a vehicle that they first observed travelling north seven miles from the border between the United States and Mexico. The border patrol agents testified that the driver of the vehicle, in which Figueroa-Corrales was one of four passengers, sped up as they approached. The vehicle eventually was stopped and Figueroa-Corrales was questioned. At that time he said he was from Mexico, in the United States illegally without documentation, and he gave a false name.
 
 
 4
 In an interview with an Immigration and Naturalization Service (INS) officer on November 16, 1986, Figueroa-Corrales gave his real name. He admitted that he had gone to Mexico (to visit his ill mother), that he had lost his I-151 form indicating his permanent resident status, and that he had returned to the United States without inspection.
 
 
 5
 Figueroa-Corrales was charged with a misdemeanor violation of 8 U.S.C. Sec. 1325 for unlawful entry into the United States. A United States magistrate found him guilty. His sentence was suspended for two years during which time he was to be on probation. Figueroa-Corrales was also directed to participate in an alcohol abuse program and was assessed twenty-five dollars. He appealed to the district court where the judgment was affirmed. This appeal followed.
 
 II.
 JURISDICTION
 
 6
 The magistrate had jurisdiction pursuant to 18 U.S.C. Sec. 3401 (1982). The district court had jurisdiction pursuant to 8 U.S.C. Sec. 1329 (1982). This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291 (1982).
 
 III.
 DISCUSSION
 
 7
 Section 1325 of Title 8 prohibits any alien from (1) entering the United States at any time or place other than as designated by immigration officers, (2) eluding examination or inspection by immigration officers, or (3) obtaining entry to the United States by willfully false or misleading representation. 8 U.S.C. Sec. 1325(a) (1982 & Supp. IV 1986). The law applies to permanent resident aliens as well as illegal aliens. See Gunaydin v. INS, 742 F.2d 776 (3d Cir.1984).
 
 
 8
 Figueroa-Corrales argues that the government's prima facie case cannot rest solely on his uncorroborated confession. He relies on Smith v. United States, 348 U.S. 147, 156 (1954) (all elements of the offense must be established by independent evidence or corroborated admissions).
 
 
 9
 The purpose of the rule in Smith is to "prevent 'errors in convictions based upon untrue confessions alone.' " Smith, 348 U.S. at 153 (quoting Warszower v. United States, 312 U.S. 342, 347 (1941)). The rule has been applied to a conviction under Sec. 1325. United States v. Lopez-Garcia, 683 F.2d 1226, 1228 (9th Cir.1982), cert. denied, 459 U.S. 1174 (1983).
 
 
 10
 Although the other evidence presented does not establish that Figueroa-Corrales crossed the border illegally, it does support the credibility of his confession and thereby corroborates the facts stated in it. The independent evidence includes testimony that: (1) border patrol agents first saw the vehicle in which the defendant was a passenger seven miles from the border; (2) he was travelling north; (3) the driver of the vehicle may have attempted to flee from the border patrol agents; and (4) Figueroa-Corrales gave the border patrol agents a false name when first questioned. This evidence tends "to establish that the self-incriminating declarations are trustworthy." United States v. Allen, 455 F.2d 509, 510 (9th Cir.1972). This conclusion is supported by Lopez-Garcia, 683 F.2d at 1226.
 
 
 11
 Figueroa-Corrales attempts to distinguish Lopez-Garcia by arguing that there the defendant was an illegal alien whereas in this case he is a lawful permanent resident. He also tries to argue that his admission of his permanent resident status controverts rather than corroborates the fact that he entered the country illegally. As noted earlier, however, permanent residents who enter the country without inspection are not exempt from the provisions of Sec. 1325. See Gunaydin, 742 F.2d at 776.
 
 
 12
 We find that there is sufficient independent evidence to corroborate Figueroa-Corrales' confession.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3