891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Saul GUTIERREZ-GONZALEZ, Defendant-Appellant.
 No. 89-30072.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1989.*
Decided Dec. 6, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Saul Gutierrez-Gonzalez (Gonzalez) appeals from his conviction for being an illegal alien in the United States in possession of a firearm in violation of 18 U.S.C. § 922(g)(5). Gonzalez contends that there was insufficient evidence to (1) establish his possession of a firearm, and (2) establish his alienage. We disagree and affirm.
 
 I. FACTS
 
 3
 On October 12, 1988, police officers John Hiles and Randall Barnes entered Room 3 of the Columbia Motor Inn in Kennewick, Washington pursuant to a search warrant. The officers used the hotel manager's key to open the door to the room. Upon entering Room 3, the officers observed Gonzalez sitting on a bed. There was no one else in the room. The officers ordered Gonzalez off the bed, but he did not respond. The officers then pulled Gonzalez off of the bed and put him on the floor. After Gonzalez was pulled to the floor, the officers noticed a loaded a .22 caliber Raven Arms pistol on the bed where he had been sitting. The pistol had been either directly next to Gonzalez or underneath him. Room 3 was registered to a person other than Gonzalez on the date of the above described incident.
 
 
 4
 After being given Miranda warnings in Spanish, Gonzalez admitted that he was a citizen of Mexico without immigration documents. The Commissioner of Immigration issued a certificate stating that there was no record of Gonzalez's legal entry into the United States. Based upon the above evidence, Gonzalez was convicted after a bench trial for being an alien in possession of a firearm and sentenced to six months imprisonment.
 
 II. STANDARD OF REVIEW
 
 5
 In reviewing sufficiency of the evidence, we must consider the evidence in the light most favorable to the Government and determine whether " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in Jackson ). We must draw all reasonable inferences from the evidence. United States v. Arriaga-Segura, 743 F.2d 1434, 1435 (9th Cir.1984).
 
 III. DISCUSSION
 A. Possession
 
 6
 Gonzalez argues that his proximity to the .22 caliber pistol was insufficient to prove possession of a firearm. We disagree.
 
 
 7
 The element of possession may be established by proof of actual or constructive possession. United States v. Batimana, 623 F.2d 1366, 1369 (9th Cir.), cert. denied, 449 U.S. 1038 (1980). To prove constructive possession, "the government must demonstrate that the defendant both knows of the presence of the contraband and has power to exercise dominion and control over it." United States v. Rodriguez, 761 F.2d 1339, 1341 (9th Cir.1985). Constructive possession may be established by circumstantial evidence. United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1988). For example, constructive possession may be inferred if "the defendant has exclusive control over the premises where contraband is found." Rodriguez, 761 F.2d at 1341.
 
 
 8
 In Castillo, the officers forced entry into a locked bedroom where defendant Castillo was lying on the bed. Castillo, 866 F.2d at 1074. A search of the bedroom revealed a loaded handgun under the mattress where Castillo had been lying. Id. We noted that a logical jury could infer from Castillo's presence in a locked bedroom that "he was exercising actual and exclusive control of the room and its contents." Id. at 1088. This inference was further bolstered by the close proximity of the gun to Castillo. Id.
 
 
 9
 Viewing the evidence in the light most favorable to the Government, we conclude that a rational trier of fact could have found constructive possession beyond a reasonable doubt. The officers' need to use a hotel manager's key to enter the room supports the inferences that the door was locked and that Gonzalez, alone in the room, exercised control over the room's contents. Moreover, one could rationally infer constructive possession from the presence of the pistol underneath or directly next to Gonzalez while he was in bed. Therefore, the evidence was sufficient to demonstrate the element of possession.
 
 B. Alienage
 
 10
 Gonzalez next contends that his admission that he was a citizen of Mexico without immigration documents, coupled with the authorized certificate stating that there was no record of Gonzalez's legal entry into the United States, was insufficient to prove the element of alienage. This contention lacks merit.
 
 
 11
 An accused cannot be convicted solely on the basis of an uncorroborated admission. United States v. Taylor, 802 F.2d 1108, 1116 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987). "[A]lthough a confession must be corroborated by independent evidence, the corroboration need not independently establish any element beyond a reasonable doubt, but must 'merely fortif[y] the truth of the confession.' " United States v. Lopez-Garcia, 683 F.2d 1226, 1228 (9th Cir.1982) (per curiam) (quoting United States v. De Georgia, 420 F.2d 889, 890 n. 3 (9th Cir.1969), cert. denied, 459 U.S. 1174 (1983). It is sufficient that the independent evidence tends to prove the truth of the confession. Id.
 
 
 12
 The certificate of no record of legal entry tends to prove that Gonzalez's admission was indeed true. Cf. id. at 1228 (admission of alienage was sufficiently corroborated by proximity of defendant to Mexican border while traveling in a northerly direction and while appearing nervous and rigid); United States v. Pitman, 475 F.2d 1335, 1336-37 (9th Cir.) (report that cartons were missing soon after they were in defendant's exclusive control was sufficient to corroborate defendant's admission of theft), cert. denied, 414 U.S. 873 (1973). Accordingly, the evidence was sufficient to prove the element of alienage.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3