UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 94-60653

---

UNITED STATES OF AMERICA,Plaintiff-Appellee,

VERSUS

ROBERTO FLORES-PERAZA, Defendant-Appellant,

---

Appeal from the United States District Court
for the Southern District of Texas

---

(July 3, 1995)

Before KING and JONES, Circuit Judges, and LAKE,[*] District Judge.

**Sim Lake, District Judge:**

Roberto Flores-Peraza appeals the district court's denial of his motion to dismiss an indictment charging him under 8 U.S.C. § 1326(a) on grounds of double jeopardy because of his previous conviction under 8 U.S.C. § 1325(a).  We **AFFIRM**.

**I.**

Roberto Flores-Peraza (Flores), a citizen of El Salvador, entered the United States at Hidalgo, Texas, on May 28, 1994, by wading across the Rio Grande River.  On May 31, 1994, he was arrested by Border Patrol agents.  Flores identified himself to the

---

[*] District Judge, Southern District of Texas, sitting by designation.

arresting agents as Guadalupe Peraza-Gutierrez and claimed to be a citizen of Mexico.  On June 1, 1994, the government charged Flores by complaint with the misdemeanor offense of unlawful entry at a place other than as designated by immigration officers in violation of 8 U.S.C. § 1325(a).  That same day Flores was taken before a United States Magistrate Judge where he waived counsel, pleaded guilty, and was sentenced to a ten-dollar cost assessment and a five-year term of probation with a special condition that he not return illegally to the United States.

The next day an FBI fingerprint comparison established Flores' identity as Roberto Flores-Peraza, a Salvadoran national who had been arrested and deported from the United States in October 1993 and who had not obtained permission of the Attorney General to reenter the United States.  On June 21, 1994, Flores was indicted for being found in the United States after having been arrested and deported and without having obtained consent of the Attorney General to reenter the country in violation of 8 U.S.C. § 1326. Flores moved to dismiss the indictment because it was barred by the Fifth Amendment's double jeopardy clause since he had already been prosecuted and convicted of the lesser included offense of illegal entry.  The district court denied the motion and Flores timely noticed his appeal.

## II.

This court reviews the district court's denial of Flores' double jeopardy claim de novo.  United States v. Cruce, 21 F.3d 70, 74 (5th Cir. 1994); United States v. Singleton, 16 F.3d 1419, 1421

-2-

(5th Cir. 1994); <u>Abney v. United States</u>, 431 U.S. 651, 663-665, 97 S.Ct. 2034, 2042-2043 (1977)(conducting independent review of whole record regarding petitioner's double jeopardy claim).  Whether the Fifth Amendment's double jeopardy clause bars successive prosecutions for improper entry and reentry of deported alien arising from the same conduct is a question of first impression in this circuit.

## III.

Flores argues that his prosecution for violating 8 U.S.C. § 1326(a) is barred by the double jeopardy clause due to his previous conviction for violating 8 U.S.C. § 1325(a) because the misdemeanor offense of improperly entering the United States is a lesser included offense of the felony offense charged under 8 U.S.C. § 1326(a).  Citing <u>Blockburger v. United States</u>, 284 U.S. 299, 52 S.Ct. 180 (1932), the government responds that Flores' prosecution for violating § 1325(a) does not bar prosecution under § 1326(a) because the two statutes define separate offenses for purposes of double jeopardy analysis.

### A.   Double Jeopardy Analysis

The double jeopardy clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  The Supreme Court has interpreted the double jeopardy clause to protect against multiple prosecutions and multiple punishments for the "same offense."  <u>Cruce</u>, 21 F.3d at 72, <u>citing</u> <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076 (1969).  Except for

-3-

a brief period following the Supreme Court's decision in Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084 (1990), the focal point of double jeopardy analysis has always been the "offense" for which the defendant was prosecuted and punished -- not the particular conduct criminalized by that offense.[1] See Cruce, 21 F.3d at 72-73 n.3. In Gavieres v. United States, 220 U.S. 338, 345, 31 S.Ct. 421, 423 (1911), the Court held that even though the defendant only made one statement double jeopardy principles did not preclude a second prosecution for that statement simply because the same statement was involved. Similarly, in Blockburger, 284 U.S. at 304, 52 S.Ct. at 182, the Court held that even though the defendant only made one sale of narcotics double jeopardy principles did not preclude a second punishment for the same conduct because that conduct constituted two separate offenses. See Cruce, 21 F.3d at 72-73; Dixon, ___ U.S. at ___, 113 S.Ct. at 2860.

To determine whether sections 1325(a) and 1326(a) punish the same offense the court must apply the Blockburger same-elements test. The Blockburger test requires the court to compare the two statutes and ask "whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182. Unless each statute requires proof of at least one

---

[1] Grady prohibited "a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 495 U.S. at 510, 110 S.Ct. at 2087. Less than three years later, in United States v. Dixon, ___ U.S. ___, ___, 113 S.Ct. 2849, 2860 (1993), the Court rejected the "same conduct" test announced in Grady as "wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy."

-4-

factual element not also found in the other statute, the statutes "fail" the <u>Blockburger</u> test and the defendant may not be punished under both statutes absent "a clear indication of contrary legislative intent." <u>Whalen v. United States</u>, 445 U.S. 684, 692, 100 S.Ct. 1432, 1438 (1980).

Because neither party disputes that a conviction under § 1326(a) requires proof of elements not required by § 1325(a), resolution of the double jeopardy issue turns on whether conviction under § 1325(a) requires proof of at least one factual element not required for conviction under § 1326(a). As the court explained in <u>Singleton</u>, the question to be decided is not whether <u>Flores</u>' violation of § 1326(a) included a violation of § 1325(a), but whether <u>all</u> violations of § 1326(a) necessarily include violations of § 1325(a). 16 F.3d at 1422.

### B. Elements of § 1326(a) and § 1325(a)

The indictment charges Flores with being "an alien who had been arrested and deported, and having not obtained the consent of the Attorney General . . . for admission into the United States, was thereafter found in the United States at Laredo, Texas" in violation of 8 U.S.C. § 1326. R. 1. 18 U.S.C. § 1326(a) provides:

(a) . . . any alien who --

    (1) has been arrested and deported or excluded and deported, and thereafter

    (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such

> alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,
>
> shall be fined under Title 18, or imprisoned not more than 2 years, or both.

This court has read § 1326(a) to require proof of four elements to obtain a conviction: (1) alienage, (2) arrest and deportation, (3) reentry into or unlawful presence in the United States, and (4) lack of the Attorney General's consent to reenter. United States v. Cardenas-Alvarez, 987 F.2d 1129, 1131-1132 (5th Cir. 1993).

The misdemeanor complaint to which Flores pleaded guilty charged him with improperly entering the United States at a place other than as designated by immigration officers in violation of 8 U.S.C. § 1325(a). Section 1325 prohibits an alien from entering or attempting to enter the United States by three means:

> Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, for the first such commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both, and for a subsequent commission of any such offense, be fined under Title 18, or imprisoned not more than 2 years, or both.

## C. Discussion

The district court found that the two charges against Flores pass the Blockburger same-elements test:

Each offense requires proof of a fact that the other does

not. For example, § 1326 requires the Government to prove that the defendant has previously been officially deported from this country, an element not found in § 1325. On the other hand, § 1325 -- at least the subpart under which this Defendant was prosecuted -- required the Government to prove that the Defendant entered the United States at a place other than one designated by immigration officers. Section 1326 requires no such proof. For that matter, § 1326 does not require the Government to prove that a defendant entered the country by eluding examination or inspection of immigration officers or by making a false statement. To repeat, a defendant violating § 1326 very likely has violated at least one of the three prongs of § 1325. The fact remains, however, that a defendant can nevertheless be convicted of § 1326 without any showing of precisely how he entered the country. The government need only show that he was previously deported, did not thereafter obtain permission to return, and was then found in the United States.

R. 20-31.

Flores argues that the district court erred in concluding that he could be convicted of violating § 1326(a) without any showing of precisely how he entered the country. To support his argument Flores cites United States v. Canals-Jimenez, 943 F.2d 1284, 1288 (11th Cir. 1991), for the proposition that the term "found in" as used in § 1326(a) "applies only to situations in which an alien is discovered in the United States after entering the country surreptitiously by bypassing recognized immigration ports of entry." See also United States v. DiSantillo, 615 F.2d 128, 135 (3d Cir. 1980). Flores argues that this showing of surreptitious entry is a restatement of the particular element of the § 1325(a) offense for which he was convicted -- entering at a place other than as designated by immigration officers. Because he has already been convicted of improper entry under § 1325(a) for his "surreptitious entry" Flores argues that he cannot be prosecuted again for

improper reentry under § 1326(a) based on the same surreptitious entry. Flores argues that the two statutes fail the <u>Blockburger</u> test because proof of the § 1326(a) violation subsumes proof of the § 1325(a) violation, making the § 1325(a) violation a lesser included offense of the § 1326(a) violation.

We are not persuaded by Flores' argument. A determination that Flores' § 1325(a) conviction bars his prosecution under § 1326(a) because he entered the United States at a time or place other than as designated by immigration officers, and that such conduct is subsumed by the definition of "found in" adopted by the <u>DiSantillo</u> and <u>Canals-Jimenez</u> courts, would be tantamount to applying the same conduct test recognized in <u>Grady</u>, 495 U.S. at 510, 110 S.Ct. at 2087, but rejected in <u>Dixon</u>, ___ U.S. at ___, 113 S.Ct. at 2860, instead of the same-elements test required by <u>Blockburger</u>. To determine whether the double jeopardy clause bars Flores' successive prosecution under § 1326(a) after having been convicted under § 1325(a), <u>Blockburger</u> requires the court to focus on the statutory elements of the offenses defined by § 1325(a) and § 1326(a) and not on the application of those elements to the facts of this specific case. <u>Iannelli v. United States</u>, 420 U.S. 770, 785 n.17, 95 S.Ct. 1284, 1293 n.17 (1975), <u>United States v. Woodward</u>, 469 U.S. 105, 108, 105 S.Ct. 611, 612 (1985)(per curiam). The question for the court to determine is not, as Flores argues, whether his <u>specific</u> violation of § 1326(a) necessarily encompassed or included his <u>specific</u> violation of § 1325(a), but whether all violations of § 1326(a) constitute violations of § 1325(a).

-8-

<u>Singleton</u>, 16 F.3d at 1422.

Obviously, an alien "found in" the United States must have entered the United States. But unlike § 1325(a), which requires the government to prove how the entry was effected, § 1326(a) only requires a showing of the mere fact of entry. See <u>United States v. Ortiz-Villegas</u>, 49 F.3d 1435 (9th Cir. 1995)(rejecting defendant's contention that he could not be convicted of being "found in" the United States absent proof of reentry because "[t]he plain language of the statute does not suggest that surreptitious entry is a pre-requisite to prosecution for being 'found in' the United States"); <u>United States v. Whittaker</u>, 999 F.2d 38, 41 (2d Cir. 1993)("We thus reach the question of what section 1326 criminalizes. The Statute is designed to punish an alien who, following his deportation . . . and without the permission of the Attorney General, attempts to reenter or enters or, having reentered remains illegally in the country until he is found here, i.e., his presence is discovered."); <u>United States v. Crawford</u>, 815 F. Supp. 920, 924 (E.D. Va. 1993), <u>aff'd</u>, 18 F.3d 1173 (4th Cir.), <u>cert. denied</u>, 115 S.Ct. 171 (1994)(stating that "the plain language of § 1325(a) defines the underlying 'offense' in the statute to be improper entry into the United States based on the manner of entry, not on the mere fact of an entry").

**IV.**

Because we conclude that § 1326(a) only requires proof of entry, while § 1325(a) requires additional proof of how entry was effected, the order of the district court denying Flores' motion to dismiss on grounds of double jeopardy is **AFFIRMED** and this action

-9-

is **REMANDED** for trial.