**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-50915**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ROBER KHAZEL,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(DR-98-CR-150-ALL)**

_____

May 28, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Rober Khazel challenges the sufficiency of the evidence supporting his bench trial conviction for unlawful entry at a time and place other than as designated by immigration officials, in violation of 8 U.S.C. § 1325(a)(1). We **AFFIRM**.

I.

Khazel consented to a bench trial before a magistrate judge. Border Patrol Agent Kemmett testified that, on 8 February 1998, he responded to a call from a rancher at the Petty Ranch, located approximately two miles north of the Rio Grande River and

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

approximately 40 miles west of Laredo, Texas, the nearest port of entry between the United States and Mexico. The Agent had previously investigated unlawful entries into the United States at the Petty Ranch and knew the area to be extremely active.

The ranch foreman took the Agent to the main hunting camp where the Agent saw three individuals, including Khazel, voluntarily exit a small building. Khazel's clothing was torn, and he was not wearing shoes or socks. Agent Kemmett testified that Agents often encounter illegal aliens whose clothing has been torn or ripped from going through brush and climbing over fences.

The Agent approached Khazel and questioned him in English. The Agent testified that Khazel's English was "okay" and that they communicated enough to "joke around" and to form sentences.

The Agent inquired as to Khazel's citizenship, to which Khazel responded that he was "from Syria". The Agent asked Khazel "if he had crossed the river" and had "come from Mexico", to which Khazel replied "yes". To determine whether Khazel had been inspected by an immigration inspector, the Agent "asked him if he had, after he crossed the river[,] ... talked to a person wearing a green shirt or a white shirt". (According to the prosecutor, "[e]verybody knows green shirt is Border Patrol, white shirt is Immigration Inspector".) The Agent arrested Khazel and took him to a Border Patrol Station where an interpreter read Khazel his rights. Khazel

did not have a passport or visa, and had no documents indicating that he had entered through a port of entry.

The Government offered no other evidence. Nor did Khazel present any evidence. The magistrate judge found Khazel guilty and sentenced him to 30 days' imprisonment (served prior to trial). Khazel appealed to the district court, challenging the sufficiency of the evidence. The district court affirmed.

## II.

Khazel contends that his uncorroborated statements are insufficient evidence of his guilt, and that the Government did not present sufficient independent evidence to prove that he committed a crime or to establish the trustworthiness of his admissions. Khazel properly preserved his objection to the sufficiency of the evidence by moving for a judgment of acquittal at the end of the Government's case-in-chief and by renewing the motion at the close of all the evidence."

"In reviewing the sufficiency of the evidence in a bench trial, we must affirm the conviction if there is substantial evidence." *United States v. Ybarra*, 70 F.3d 362, 364 (5th Cir. 1995), *cert. denied*, 517 U.S. 1174 (1996). "The test for evidential sufficiency is whether any substantial evidence supports the finding of guilty and whether the evidence is sufficient to justify the trial judge, as trier of the facts, in concluding beyond a reasonable doubt that the defendant was guilty." *Id*. (internal quotation marks, brackets, and citation omitted). In making that determination, we "view all evidence in the light most favorable to the government and defer to all reasonable inferences drawn by the trial court". *Id*.

- 4 -

To obtain a conviction for unlawful entry in violation of 8 U.S.C. § 1325, the Government had the burden of proving (1) that Khazel was an alien; (2) that he entered the United States; and (3) that he entered unlawfully at a time or place other than as designated by immigration officers. 8 U.S.C. § 1325(a)(1); *see United States v. Flores-Peraza*, 58 F.3d 164, 168 (5th Cir. 1995) (Government must prove how the entry was effected), *cert. denied*, 516 U.S. 1076 (1996).

## A.

An accused may not be convicted solely on the basis of his own confession. *United States v. Micieli*, 594 F.2d 102, 108 (5th Cir. 1979); *see Opper v. United States*, 348 U.S. 84, 93 (1954); *Smith v. United States*, 348 U.S. 147, 152 (1954). "This is especially true when 'the admission is made after the fact to an official charged with investigating the possibility of wrongdoing, and the statement embraces an element vital to the Government's case'." *Ybarra*, 70 F.3d at 365. If a defendant's confession is central to an element of the Government's case, it must be corroborated. *See id*. The independent evidence introduced to corroborate a confession is sufficient if it establishes "the truth, trustworthiness, and reliability of the accused's statement to the investigating authorities". *See Micieli*, 594 F.2d at 109 (citation omitted). "'The corroborative evidence alone need not prove the defendant's guilt beyond a reasonable doubt, ... as long as there is substantial independent evidence that the offense has been committed, and the evidence as a whole proves beyond a reasonable

doubt that the defendant is guilty....'" *Ybarra*, 70 F.3d at 365 (citing *United States v. Garth*, 773 F.2d 1469, 1479 (5th Cir. 1985), *cert. denied*, 476 U.S. 1140 (1986)); *see also* *Micieli*, 594 F.2d at 108-09.

The record contains evidence sufficient to establish the trustworthiness and reliability of Khazel's statements to Agent Kemmett. Khazel was found in a remote area close to the border, far from any town or port of entry. He did not have a passport or other documents indicating that he entered the United States legally. Khazel's clothing was torn in a manner consistent with going through brush and climbing over fences. This independent evidence is sufficient to corroborate the truthfulness of Khazel's statement that he was from Syria and had entered the United States from Mexico by crossing the Rio Grande River. *See* *Ybarra*, 70 F.3d at 365; *see also* *United States v. Lopez-Garcia*, 683 F.2d 1226, 1228-29 (9th Cir. 1982) (upholding § 1325 conviction because independent circumstantial evidence corroborated defendant's confession that he entered United States illegally), *cert. denied*, 459 U.S. 1174 (1983).

Khazel contends that his statements are unreliable because he has limited ability to communicate in English. Agent Kemmett testified that Khazel's English was "okay" and that Khazel was able to form sentences. Khazel did not cross-examine the Agent regarding that statement. Although Khazel required the aid of an interpreter at trial, he offered no evidence to suggest that he did not understand his conversation with the Agent. Accordingly, there

is sufficient evidence that Khazel's statements to the Agent were reliable.

B.

Khazel contends that, even if his confession is considered, the evidence does not prove beyond a reasonable doubt that he is an alien or that he unlawfully entered the United States. We disagree.

The evidence that Khazel admitted to entering the United States from Mexico by crossing the Rio Grande River without speaking to a person wearing a green shirt or a white shirt, together with the evidence that Khazel, who did not have a passport or other documents to show that he entered the country lawfully, was found in a remote area, near the border, far from a port of entry, wearing torn clothing, is sufficient to establish beyond a reasonable doubt that Khazel unlawfully entered the United States. *See **United States v. Arriaga-Segura***, 743 F.2d 1434, 1435-36 (9th Cir. 1984) (circumstantial evidence that defendants were stopped near Mexican border, more than 12 miles from the nearest port of entry in an area known for alien smuggling, without entry documents, was sufficient to establish defendants' unlawful entry).

There was also sufficient evidence that Khazel was an alien. Khazel stated, in response to the Agent's inquiry about his citizenship, that he was "from Syria"; he had recently crossed the border illegally; he failed to claim United States citizenship; and he lacked a passport or other entry documents.

III.

- 7 -

For the foregoing reasons, the judgment is

*AFFIRMED.*