United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20392
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERIBERTO LOPEZ-POCAZO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-639-ALL
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Heriberto Lopez-Pocazo ("Lopez") appeals following his
bench-trial conviction, on stipulated facts, of illegal re-entry
after deportation. See 8 U.S.C. § 1326(a), (b)(2). Lopez contends
that the district court erred in denying his motion to suppress
evidence. He argues that he was illegally arrested and that he
was entitled to suppression of statements regarding his identity,
as well as to suppression of fingerprint evidence obtained

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

following his arrest. The Government contends that there was no suppressible evidence.

This court has held that neither a defendant's identity or his Immigration and Naturalization Service ("INS") file are suppressible, and this is true even if such evidence is obtained through exploitation of an illegal detention. See United States v. Herrera-Ochoa, 245 F.3d 495, 498 & n.4 (5th Cir. 2001); United States v. Roque-Villanueva, 175 F.3d 345, 346 (5th Cir. 1998). Our review of the record reveals that evidence of Lopez's identity was introduced through documents that were a part of his INS file. Lopez has not shown that the district court reversibly erred by refusing to suppress such evidence.

This court has not decided whether fingerprint evidence is suppressible in a prosecution pursuant to 8 U.S.C. § 1326. However, in view of the other stipulated evidence of record, which established the elements of an illegal reentry offense, we are satisfied that the error, if any, in refusing to suppress the fingerprint evidence was harmless. See United States v. Flores-Peraza, 58 F.3d 164, 166 (5th Cir. 1995); United States v. Aucoin, 964 F.2d 1492, 1499 (5th Cir. 1992). We decline to expend additional judicial resources to resolve the suppression issue. See United States v. Willingham, 310 F.3d 367, 373 (5th Cir. 2002), cert. denied, 123 S. Ct. 1368 (2003). The judgment of the district court is AFFIRMED.

AFFIRMED.