# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 11, 2011

Lyle W. Cayce
Clerk

No. 10-40602
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUADALUPE PALOMARES-VILLAMAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-1330-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Guadalupe Palomares-Villamar (Palomares) appeals his guilty-plea conviction and sentence for being unlawfully present in the U.S. after having been previously deported, in violation of 8 U.S.C. § 1326. For the first time on appeal, Palomares argues that the factual basis was insufficient to support the plea. We review the argument for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A conviction under § 1326 requires proof of the following elements: 1) alienage, 2) arrest and deportation, 3) reentry into or unlawful presence in the United States, and 4) lack of the Attorney General's consent to reenter. *United States v. Flores-Peraza*, 58 F.3d 164, 166 (5th Cir. 1995). This court has held that illegal reentry or unlawful presence requires both physical presence in the country and freedom from official restraint. *See United States v. Morales-Palacios*, 369 F.3d 442, 446 (5th Cir. 2004).

Palomares contends that he was not free from official restraint at the time he committed the instant offense because he was under constant governmental surveillance.[1] Even if we were to accept this premise as true– that governmental surveillance is legally equivalent to official restraint–which, we do not, we would still hold that there was no plain error. There is no published Fifth Circuit authority detailing the concept of official restraint in a § 1326 case. Accordingly, in this case, if the district court erred in accepting Palomares's factual basis it was neither clear or obvious. *See United States v. Valles*, 484 F.3d 745, 759 (5th Cir. 2007). Additionally, even if it is assumed that constant governmental surveillance comprises official restraint for purposes of an illegal reentry offense under § 1326, Palomares's argument fails because the record does not demonstrate that he was under such surveillance.

Palomares asks this court to take judicial notice of the fact that a private company has been subcontracted to conduct video surveillance of the entire area in which he was discovered, but the Government disputes that the area is under video surveillance. Because the question whether there was video surveillance

---

[1] To bolster his argument, Palomares's brief relies on several cases from the Ninth and Second Circuits. These decisions, however, are not binding precedent in our circuit.

No. 10-40602

of the entire area in question at the time Palomares committed the instant offense is one of fact, it cannot be plain error. *See United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Further, the website to which Palomares directs this court indicates only that there is video surveillance of the lanes of traffic, as well as the administrative buildings and their adjacent parking lots, on of each of the three international bridges in Brownsville; it does not establish that the areas between the bridges, including the unspecified area in which Palomares was discovered, is under video surveillance or was on the date on which Palomares committed the instant offense. Consequently, even if this court were to take judicial notice of his evidence, Palomares has not demonstrated that the district court's acceptance of the factual basis for his plea was plain error. *See Puckett*, 129 S. Ct. at 1429.

Palomares additionally appeals the sentence imposed, challenging the district court's calculation of his criminal history score. As the Government urges, the argument is barred by the waiver-of-appeal provision in the plea agreement, which waiver was knowing and voluntary. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); FED. R. CRIM. P. 11(b)(1)(N).

The district court's judgment is AFFIRMED.