# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50260
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

J. SANTOS FELIX-HERNANDEZ, also known as Jose Santos Felix-Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-11-1

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

J. Santos Felix-Hernandez (Felix) was convicted of being an alien found in the United States without permission after having been previously deported, in violation of 8 U.S.C. § 1326; he was sentenced to six months in prison and two years of non-reporting supervised release. On appeal, Felix challenges the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's denial of his motion to dismiss his indictment.  He contends that he cannot be "found in" the United States because he had voluntarily presented himself for immigration inspection when he entered the southbound exit lane at the port of entry.

"A challenge to an indictment based on the legal sufficiency of uncontested facts is an issue of law reviewed de novo."  *United States v. Flores*, 404 F.3d 320, 326 (5th Cir. 2005).  To prove Felix's offense of conviction, the Government was required to establish four elements: (1) alienage, (2) arrest and deportation, (3) unlawful presence in the United States, and (4) lack of the Attorney General's consent to reenter.  *United States v. Flores-Peraza*, 58 F.3d 164, 166 (5th Cir. 1995).

Felix stipulated to the facts necessary to prove these elements, namely, that he was a citizen of Mexico, he was previously deported, he was "in the United States" when he was stopped (encountered) by the immigration officer, and he did not receive permission to renter the United States.  *See Flores-Peraza*, 58 F.3d at 166; *see United States v. Ramos-Flores*, 233 F. App'x 347, 348, 350 (5th Cir. 2007).  His reliance upon *United States v. Angeles-Mascote*, 206 F.3d 529 (5th Cir. 2000), and *United States v. Canals-Jimenez*, 943 F.2d 1284 (11th Cir. 1991), is misplaced.  In those cases, the alien defendants were attempting to *enter* the United States through a port of entry.  Here, Felix had already illegally entered the United States without detection and was attempting to *exit* the United States through a port of entry.

The district court's judgment is AFFIRMED.