# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50926

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SAMUEL QUEZADA ROJAS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before SMITH, BARKSDALE, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Samuel Quezada Rojas appeals his conviction under 8 U.S.C. § 1326(a) for illegally reentering the United States after deportation on the grounds that he was neither "found" nor "in" the United States as required by statute. We AFFIRM.

No. 13-50926

I.

In 2009, Rojas was arrested by Immigration Enforcement Agents and removed from the United States. He subsequently reentered without the consent of the Attorney General and worked in Denver, Colorado, until 2013, when he boarded a bus for Mexico. The bus was stopped and boarded at the Stanton Street Bridge Border Crossing at the Paso Del Norte Port of Entry in El Paso, Texas, by a United States Border Patrol Agent conducting inspections of outbound traffic. Upon questioning by the Agent, Rojas admitted he was in the United States illegally. Rojas was charged with being "found in the United States" illegally after being removed from the country in violation of 8 U.S.C. § 1326(a).

During trial, Rojas filed a Rule 29 motion for judgment of acquittal arguing that he was neither "found" nor "in" the United States at the time of his arrest. *See* FED. R. CRIM. P. 29. The district court disagreed, found Rojas guilty, and sentenced him to time served. Rojas appealed.

II.

"A previously deported alien is found in the United States when his physical presence is discovered and noted by the immigration authorities, and the knowledge of the illegality of his presence, through the exercise of diligence typical of law enforcement authorities, can reasonably be attributed to the immigration authorities." *United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996) (citation and internal quotation marks omitted).

Rojas cites to cases holding that one "who voluntarily approaches an INS station cannot be said to have been found or discovered in the United States." *United States v. Angeles-Mascote*, 206 F.3d 529, 531 (5th Cir. 2000) (quoting *United States v. Canals-Jimenez*, 943 F.2d 1284, 1287 (11th Cir. 1991)) (holding that an alien who approached the immigration officer upon arrival at

2

a U.S. airport was not "found" in the United States). He contends, therefore, that he was not "found" because he admitted his unlawful status to the Agent.

This argument, though colorable, is ultimately without merit. *See United States v. Felix-Hernandez* 567 F. App'x 253 (5th Cir. 2014) (unpublished).[1] The cases Rojas cites stand for the proposition that an alien is not "found" if he voluntarily presents himself to immigration authorities when seeking *entry* into the United States, but they do not reach the situation of an individual, like Rojas, seeking to *exit* the country. We decline to extend the "voluntary disclosure" rule to the circumstance of an alien attempting to exit.[2]

Rojas also contends that he was not "in" the United States within the meaning of 8 U.S.C. § 1326. Citing dicta, he argues that to be "in" the United States "require[s] both physical presence in the country as well as freedom from official restraint." *Angeles-Mascote*, 206 F.3d at 531. As the Ninth Circuit describes it, "an alien is under 'official restraint' if, after crossing the border without authorization, he is deprived of his liberty and prevented from going at large within the United States." *United States v. Gonzalez-Torres*, 309 F.3d 594, 598 (9th Cir. 2002) (internal quotation marks, alterations, and citation omitted). Although we have mentioned the official restraint doctrine in previous cases, we have never explicitly adopted the doctrine. *See, e.g.*, *United States v. Palomares-Villamar*, 417 F. App'x 437, 439 (5th Cir. 2011) (unpublished) (remarking that there "is no published Fifth Circuit authority detailing the concept of official restraint in a § 1326 case"); *Angeles-Mascote*,

---

[1] Although *Felix-Hernandez* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

[2] For this reason, we need not reach the question of whether, by waiting for the Agent to board the bus and actually ask him for his status, Rojas truly "voluntarily disclosed" within the meaning of these cases.

No. 13-50926

206 F.3d at 531; *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1133 (5th Cir. 1993).

We need not decide whether the official restraint doctrine applies in this circuit because even if it does, Rojas does not fall within the "official restraint" parameters.[3]   As with the interpretation of "found," the courts that have adopted the official restraint doctrine have applied it only to persons *entering* the country, not to persons leaving.  *See Cardenas-Alvarez*, 987 F.2d at 1133 ("Most courts who have decided what conduct comprises an 'entry' have concluded that physical presence in the country is required, as well as freedom from official restraint.").  Rojas entered the United States and worked in Colorado until departing for Mexico.  There is no assertion that he was deprived of his liberty upon entry or that he was prevented from going at large within the country.  Accordingly, the official restraint doctrine, even assuming arguendo that it applies in general in this circuit, is inapposite here.

AFFIRMED.

---

[3]   For this reason, we do not reach the question of whether Rojas preserved this argument in the district court.