# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51198
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YAIR ENRIQUE HERNANDEZ-HINOJOSA, also known as Juan Carlos Lopez-Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1675-1

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Yair Enrique Hernandez-Hinojosa appeals his guilty plea conviction of illegal reentry, in violation of 8 U.S.C. § 1326. Hernandez-Hinojosa argues that the district court inadequately advised him of the nature of the offense and that the factual basis was insufficient to support his conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51198

Because Hernandez-Hinojosa did not raise these arguments below, we review them for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court properly advised Hernandez-Hinojosa regarding the elements of a conviction under § 1326. *See United States v. Flores-Peraza*, 58 F.3d 164, 166 (5th Cir. 1995). Hernandez-Hinojosa has not demonstrated that the district court plainly erred by not further advising him that illegal reentry requires both physical presence in the United States and freedom from official restraint. *See United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009).

Hernandez-Hinojosa contends that he was not free from official restraint at the time he committed the instant offense because he was under constant governmental surveillance. There is no published Fifth Circuit authority detailing the concept of official restraint in a § 1326 case. Accordingly, if the district court did err in accepting the factual basis in this case, the error was neither clear nor obvious. *See Ellis*, 564 F.3d at 377-78. Additionally, even if it is assumed that constant governmental surveillance comprises official restraint for purposes of an illegal reentry offense under § 1326, Hernandez-Hinojosa's argument fails because the record does not demonstrate that he was under such surveillance.

AFFIRMED.