# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40051
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENE GARCIA-MONTEJO, also known as Bibian Garcia-Montejo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:17-CR-519-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Rene Garcia-Montejo pleaded guilty to being found in the United States after being previously removed. The district court sentenced Garcia-Montejo to 46 months of imprisonment and three years of supervised release. On appeal, Garcia-Montejo argues that his guilty plea is invalid because the district court failed to comply with Federal Rule of Criminal Procedure 11(b)(1)(G) by failing to address the "official restraint" element of the offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

during the plea colloquy.   He contends that because he was under constant surveillance prior to being apprehended, he was never free from official restraint and could not have committed the charged offense.   Because Garcia-Montejo did not raise this issue before the district court, our review is for plain error.  *United States v. Vonn*, 535 U.S. 55, 58-59 (2002).

In *United States v. Rojas*, 770 F.3d 366, 368 (5th Cir. 2014), we stated that we had mentioned but never explicitly adopted the official restraint doctrine.   We ordinarily do not find plain error where we have not addressed an issue previously.  *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009). The district court's admonishment contained all of the elements of a 18 U.S.C. § 1326 violation, and Garcia-Montejo indicated that he understood those elements.  *See United States v. Flores-Peraza*, 58 F.3d 164, 166 (5th Cir. 1995). The admonishments provided by the district court were sufficient under Rule 11(b)(1)(G).  *See United States v. Lujano-Perez*, 274 F.3d 219, 224 (5th Cir. 2001).   Garcia-Montejo has not shown that the district court plainly erred under Rule 11(b)(1)(G).  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.