# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2026

Lyle W. Cayce
Clerk

No. 25-40569
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR ALFREDO TOVAR-MARTINEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:25-CR-57-1

Before DAVIS, JONES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Victor Alfredo Tovar-Martinez appeals his conviction for illegal reentry into the United States under 8 U.S.C. § 1326, arguing that his guilty plea was not knowing and voluntary because the district court failed to comply with the requirements of Federal Rule of Criminal Procedure 11.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-40569

Because he did not raise this issue in the district court, we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002).

Tovar-Martinez argues that the district court failed to ensure that he understood the nature of the offense by informing him that the statute only applies to those who are "free from official restraint" at the time of apprehension. *See* Fed. R. Crim. P. 11(b)(1)(G). Further, he contends that governmental surveillance can be a form of official restraint and that the factual basis was inadequate because it failed to establish that he was not being officially surveilled at the time he was discovered in the United States, near the Mexican border. *See* Fed. R. Crim. P. 11(b)(3). However, he cannot demonstrate a clear or obvious error with respect to the Rule 11 colloquy because he cites no binding authority requiring district courts to inform defendants of the concept of official restraint when advising them of the nature of an 8 U.S.C. § 1326 offense. *See United States v. Lujano-Perez*, 274 F.3d 219, 224 (5th Cir. 2001); *United States v. Flores-Peraza*, 58 F.3d 164, 166 (5th Cir. 1995). Nor does he do so with respect to his proposition that a district court clearly errs by accepting a guilty plea to an illegal reentry offense when the factual basis does not address the possibility that the defendant was under official restraint through surveillance at the time of apprehension. *Cf. United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc). His failure to show a clear or obvious error under existing law is dispositive in his case. *See United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).

Accordingly, the judgment of the district court is AFFIRMED.