**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-40842
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RUBEN RAMIREZ-GAMEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

March 25, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:

Appellant Ruben Ramirez-Gamez ("Ramirez") appeals his conviction after trial by jury for being a previously deported alien present in the United States in violation of 8 U.S.C. § 1326. Specifically, he challenges his indictment for failure to allege an essential element of the offense.  We affirm his conviction.

I.  Background and Procedural History

1

On March 24, 1997, a McAllen, Texas, police officer stopped Ramirez for a traffic violation. As Ramirez exited his vehicle, the officer noticed that a handgun was tucked into the rear waistband of Ramirez's pants. When Ramirez did not comply with the officer's instructions, he was wrestled to the ground, the weapon was seized from him, and he was arrested and transported to the McAllen police station. On April 15, 1997, an Immigration and Naturalization Service ("INS") agent visited Ramirez in prison and determined that he was an undocumented alien who was in the United States illegally and who had been arrested and deported from the United States on at least three prior occasions. It was also ascertained that Ramirez had not obtained permission to reenter the country.

On June 3, 1997, Ramirez was charged by a three-count indictment with: 1) illegal reentry into the country without consent of the Attorney General after having been deported, in violation of 8 U.S.C. § 1326, 2) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and 3) being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5).[1] Specifically, count one charged that:

> On or about March 24, 1997, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant RUBIN RAMIREZ-GAMEZ an alien who had previously been deported, knowingly and unlawfully was present in

[1]Ramirez does not challenge his convictions of being a felon in possession of a firearm or being an illegal alien in possession of a firearm.

the United States having been found in McAllen, Texas, said defendant not having obtained the consent of the Attorney General of the United States for re-application by the defendant for admission into the United States. In violation of Title 8, United States Code, Sections 1326(a) and 1326(b).

The case was tried to a jury, which ultimately found him guilty on all three counts. On June 11, 1998, the district court sentenced Ramirez to serve 108 months in the custody of the Bureau of Prisons, and it imposed a three-year term of supervised release and a $100 special assessment.

## II.  Discussion

Ramirez's sole argument on appeal is that count one of the indictment was fundamentally defective. He contends that, because the indictment did not allege that he had been arrested prior to his deportation, the indictment did not allege all of the elements of an illegal-reentry offense. The question we now face is whether the indictment's deficiency, if any, requires us to vacate Ramirez's conviction.

Congress amended 8 U.S.C. § 1326 effective April 1, 1997. The applicable language of the predecessor statute included the phrase "arrested and deported", or "has been excluded and deported". The 1997 amended language deleted the reference to "arrested" and "excluded" and now only requires that the alien was "deported". The parties disagree about which version of the statute should apply to Ramirez. Ramirez contends that because he was arrested on March 24, 1997, and because the indictment states that the offense

3

was committed "on or about March 24, 1997," the indictment must comply with the pre-April 1, 1997 version of the statute. The Government contends that Ramirez's "offense continued until he was found by the INS authorities on April 15, 1997," and therefore, that April 15 should be the date used to determining which version of the statute controls. Alternatively, the Government argues that the indictment's allegation that the offense under § 1326 was committed "unlawfully" and the indictment's citation to the statute rendered the allegations constitutionally sufficient, even under the pre-April 1, 1997 version of the statute.

We first note that this court recently considered the same challenge to an indictment as raised by Ramirez in *United States v. Cabrera-Teran*, No. 97-41532, 1999 WL 74199 (5th Cir. Feb. 15, 1999). In *Cabrera*, the indictment charged that:

> Joel Cabrera-Teran, an alien who had previously been deported, thereafter entered the United States of America having not obtained the consent of the Attorney General of the United States for re-application by the defendant for admission into the United States.

*Id.* at *1. There, too, the indictment failed to allege that the defendant had been arrested prior to his deportation. The *Cabrera* panel did not, and nor do we, focus on other traditional purposes of an indictment such as providing the defendant with notice of the offense charged or providing a double jeopardy defense against future prosecutions. *See generally United States v. Gayton*, 74 F.3d 545, 552 (5th Cir.1996). In both *Cabrera* and in the present

4

case, those purposes were satisfied. In vacating Cabrera's conviction, the panel held that to ensure that a grand jury has considered and found evidence to support each element of a charged offense, each of those elements must appear on the face of the indictment. *See id.* at \*5. Noting that nothing in the indictment could be liberally construed to include the "arrest" element, Cabrera's conviction was vacated. *See id.*

Having noted *Cabrera-Teran*, we now turn to Ramirez's indictment. Ramirez challenged count one of the indictment for the first time on appeal. We acknowledge that an indictment's failure to charge an offense is a jurisdictional question that may be raised at any time. *See* FED. R. CRIM. P. 12(b)(2); *United States v. Fitzgerald*, 89 F.3d 218, 221 & n.1 (5th Cir.1996). Whether an indictment sufficiently alleges the elements of an offense is a question of law which this court reviews *de novo*. *See United States v. Shelton*, 937 F.2d 140, 142 (5th Cir.1991). However, when a defendant had notice of the defective-indictment issue but does not raise his challenge until appeal, this court reviews the indictment with "maximum liberality." *See Fitzgerald*, 89 F.3d at 221 & n.1; *Cabrera-Teran*, 1999 WL 71499 at \*1. Under such review, an indictment is considered sufficient "unless it is so defective that by any reasonable construction, it fails to charge the offense for which the defendant is convicted." *Fitzgerald*, 89 F.3d at 221. "The test involves minimal constitutional standards, not whether a

5

better indictment could have been written." *See McKay v. Collins*, 12 F.3d 66, 69 (5th Cir.1994).

In *United States v. Campos-Asencio*, 822 F.2d 506 (5th Cir.1987), we noted that "[a] statutory citation cannot, by itself, substitute for setting forth the elements of the crime, but a citation may reinforce other references within the indictment." *Id.* at 507. In that case, the defendant was convicted of illegal reentry on an indictment that failed to make explicit reference to the absence of the Attorney General's consent to reentry. We held that the indictment, construed liberally (as we must do when it is challenged for the first time on appeal) sufficiently included the "no-consent" element by alleging that Campos was in the United States "unlawfully" and referencing the statute. *See id.; Cabrera-Teran*, 1999 WL 74199 at *3.

Likewise, in this case the indictment alleges that Ramirez was present "unlawfully" in the United States and made reference to the statute violated. Therefore, without deciding which version of 8 U.S.C. § 1326 Ramirez was indicted under, we hold that the indictment was sufficient. Under the pre-April 1, 1997 version, the indictment passes muster under *Fitzgerald* and *Campos-Asencio*. *See* 89 F.3d at 221; 822 F.2d at 507. Liberally reviewing Ramirez's indictment, we find that the term "unlawfully" coupled with the reference to the statute is sufficient evidence that the grand jury did consider and find evidence to support the "arrest" element of

6

the offense charged.   Alternatively, under the April 1, 1997 version, "arrest" is no longer a required element of the crime.

### III.   <u>Conclusion</u>

The conviction is AFFIRMED.