IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-51009
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT EDWARD BEATON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. P-98-CR-255-2

_____

October 27, 2000

Before GARWOOD, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Robert Edward Beaton appeals his jury conviction for illegal reentry into the United States after deportation.  He argues that the evidence was insufficient to establish that he had been previously deported because the Government did not introduce into evidence a copy of the order of deportation.  Beaton does not dispute that the evidence established that he was an alien and that

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he reentered the United States without the Attorney General's consent to reenter. A review of the record indicates that the evidence, including the testimony of Border Patrol Agent Patrick Hernandez and the documents contained in the A-file No. A 36709542 such as the record of deportable alien and related warrant, INS Form 294, and the Warrant of Deportation (Govt. Exhibits 2, 3, 4, and 5), was sufficient to establish that Beaton had been previously deported. *See* 8 U.S.C. § 1326; *United States v. Ramirez-Gamez*, 171 F.3d 236, 238 (5th Cir.), *cert. denied*, 120 S.Ct. 195 (1999); *United States v. Flores-Peraza*, 58 F.3d 164, 166 (5th Cir. 1995). If it were necessary to prove that the deportation was pursuant to an order of deportation, that was adequately shown by the referenced documents and testimony, even though the order of deportation itself was not put in evidence. *See United States v. Quezada*, 754 F.2d 1190, 1193-95 (5th Cir. 1985).

AFFIRMED.