United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40296
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PERFECTO MONTES-CASTILLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-522-ALL
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Perfecto Montes-Castillo appeals his bench-trial conviction for illegal reentry into the United States after deportation. He argues that the evidence was insufficient to establish that he had been previously deported because the Government did not introduce into evidence a signed copy of the order of deportation. Montes-Castillo does not dispute that the evidence established that he was an alien and that he reentered the United States without the Attorney General's consent to reenter. A review of the record indicates that the evidence, particularly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Warrant of Deportation executed in August 2000, was sufficient to establish that Montes-Castillo had been previously deported. See United States v. Mathes, 151 F.3d 251, 252 (5th Cir. 1998); 8 U.S.C. § 1326; United States v. Ramirez-Gamez, 171 F.3d 236, 238 (5th Cir. 1999); United States v. Flores-Peraza, 58 F.3d 164, 166 (5th Cir. 1995).

Montes-Castillo argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Montes-Castillo's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Montes-Castillo contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Montes-Castillo properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Montes-Castillo's conviction and sentence are AFFIRMED.