UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 94-5752

ELTON WELLINGTON DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-94-22-WN)

Argued: June 5, 1996

Decided: August 13, 1996

Before WIDENER, HALL, and MURNAGHAN, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Joseph Nolan, Jr., PIERSON, PIERSON &
NOLAN, Baltimore, Maryland, for Appellant. Peter M. Semel, Assis-
tant United States Attorney, Baltimore, Maryland, for Appellee. **ON
BRIEF:** Lynne A. Battaglia, United States Attorney, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Elton W. Davis, a previously deported alien, appeals his conviction by a jury of reentering the United States without the permission of the Attorney General, in violation of 8 U.S.C. § 1326(a). For the reasons that follow, we vacate the conviction and remand for a new trial.

I.

Davis, a Jamaican national who had been granted permanent resident status, was deported in 1987 after being convicted of several charges involving cocaine trafficking. The action was taken pursuant to a warrant of deportation issued by the Immigration and Naturalization Service, which commanded any officer or employee thereof "to take into custody and deport" Davis.

An INS officer transported Davis to Miami, and had him affix his right thumbprint to a space provided on the warrant. Upon ensuring that Davis had boarded a flight to Kingston, the officer signed the warrant in two places, attesting that he had taken the thumbprint and had personally witnessed the departure.

In late November 1993, the INS received word that Davis had returned and was living in Hagerstown, Maryland. Davis was arrested and charged with illegally reentering the country. A jury convicted Davis, and the district court sentenced him to 63 months in prison. Davis appeals his conviction and sentence.

II.

8 U.S.C.A. § 1326 (West Supp. 1996) provides, in pertinent part:

> (a) [A]ny alien who --

> (1) has been arrested and deported or excluded
> and deported, and thereafter
>
> (2) enters, attempts to enter, or is at any time
> found in, the United States, unless . . . the
> Attorney General has expressly consented to
> such alien's reapplying for admission . . .
>
> shall be fined under Title 18, or imprisoned not more than
> 2 years, or both.

Subsection (b) allows for longer maximum terms of imprisonment for those aliens who illegally reenter the country after being deported for misdemeanor or felony convictions. An alien who, like Davis, is deported for committing an aggravated felony, is subject to being imprisoned for up to 20 years.

To obtain a conviction under § 1326, the government is required to prove (1) that the defendant is an alien who was previously arrested and deported, (2) that he re-entered the United States voluntarily, and (3) that he failed to secure the express permission of the Attorney General to return. United States v. Joya-Martinez, 947 F.2d 1141, 1143 (4th Cir. 1991); United States v. Espinoza-Leon, 873 F.2d 743, 746 (4th Cir.), cert. denied, 492 U.S. 924 (1989). The first requirement is actually a combination of three elements, i.e., an alien who was previously arrested (or excluded) and deported. Cf. United States v. Quezada, 754 F.2d 1190, 1192 (5th Cir. 1985) (listing five total elements); United States v. Hernandez, 693 F.2d 996, 998 (10th Cir. 1982), cert. denied, 459 U.S. 1222 (1983) (same).

This focus of this appeal is on the arrest element. The term "arrest," as it is used in § 1326, refers only to the alien's detention subsequent to an order of deportation; it includes neither the alien's seizure incidental to his conviction of the offense upon which deportation is predicated, nor any action that may be taken to secure the alien's presence pending a determination of deportability. United States v. Wong Kim Bo, 466 F.2d 1298, 1303-04 (5th Cir. 1972). To establish the requisite criminal intent under § 1326, it is necessary for the government to prove (1) that the alien knew that he had been deported, but (2) voluntarily returned nonetheless. The alien's detention in contemplation of

3

his forced departure "provides great assurance that the alien understands that he is being officially deported." Id. at 1304.

As proof of Davis's arrest, the government introduced at trial both the warrant of deportation and the testimony of the INS officer who signed it. The warrant alone may be sufficient -- if credited by the factfinder -- to prove the arrest element. See Quezada at 1195. However, without objection, the district court instructed the jury:

> A warrant of deportation containing a defendant's thumbprint and indicating the date and location of his deportation establishes the arrest requirement contemplated by the statute.

(emphasis supplied). Davis now maintains that, by not phrasing the instruction in such a way as to afford the jurors the discretion to reject the warrant, the district court deprived him of his constitutional right to have the jury decide each and every element of the offense of conviction.[1] Although Davis's argument may appear to have considerable merit, we need not decide the question inasmuch as an even more fundamental defect in the proceedings below requires that his conviction be vacated.

III.

At the oral argument of this appeal, counsel for Davis pointed out that the arrest element had not been alleged in the indictment. The grand jury's charge was, in toto:

> On or about December 8, 1993, in the State and District of Maryland, ELTON WELLINGTON DAVIS, an alien, who had previously been deported subsequent to a conviction for commission of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), was found unlawfully in the United States,

---

[1] See, e.g., United States v. Johnson, 71 F.3d 139, 142-44 (4th Cir. 1995) (in prosecution for armed credit union robbery where the institution's federally insured status was an essential element of the crime, it was fatal, structural error to instruct the jury that "You are told that the [financial institution] is a credit union within the terms of [the] statute.").

4

specifically Hagerstown, Maryland, without having obtained the express consent of the Attorney General of the United States to reapply for admission into the United States. 8 U.S.C. § 1326(b)(2).**2**

An indictment is fatally defective if (1) it neglects to allege all the elements of the charged offense, or otherwise fails to fairly inform the defendant of the charges against him; or (2) it does not enable him to plead double jeopardy in defense of future prosecutions for the same offense. Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Sutton, 961 F.2d 476, 479 (4th Cir.), cert. denied, 506 U.S. 858 (1992). When a "notice" challenge to the indictment is not raised until appeal, the indictment is liberally construed to determine whether the necessary facts appear in any form, or can be fairly found within its terms. Sutton at 479 (citations omitted).

Here, even the most liberal construction of the indictment would permit no conclusion except that it utterly failed to allege that Davis was arrested prior to being deported. Thus, as outlined in Section II, supra, the indictment did not fairly inform Davis of the criminal intent that the government would have to prove he possessed in order to convict him of violating § 1326.

As a result of the defective indictment, Davis is entitled to have his conviction vacated. Nevertheless, because the trial evidence was sufficient to sustain Davis's conviction, the government may seek to indict and try him anew. See, e.g., United States v. Starkes, 32 F.3d 100, 101 (4th Cir. 1994).**3**

VACATED AND REMANDED FOR A NEW TRIAL
_____

**2** As we noted at the outset of Section II, supra, the arrest element is contained in § 1326(a), not § 1326(b).

**3** Because we vacate Davis's conviction, we do not consider his contention that he was improperly sentenced.