**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-41532
_____


UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

VERSUS

JOEL CABRERA-TERAN,

        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

February 15, 1999

Before KING, Chief Judge, JONES and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


Joel Cabrera-Teran ("Cabrera") appeals his conviction of and sentence for illegal reentry into the United States. He contends that the indictment fails to charge an offense and that the district court was not presented with a sufficient factual basis to sentence him on the guilty plea. Finding the indictment defective, we vacate and remand.[1]

---

[1] Because we dispose of the case on the first issue, we do not reach the second.

## I.

A native of Mexico, Cabrera was deported on January 10, 1996. In August 1996, he allegedly re-entered the country, then was arrested in connection with a shoplifting violation in March 1997. A Border Patrol officer promptly filed a complaint stating that Cabrera "did unlawfully, knowingly and willfully re-enter the United States from the Republic of Mexico after having been arrested and deported on or about January 10, 1996," in violation of 8 U.S.C. § 1326.

A grand jury indicted Cabrera, charging as follows: "Joel Cabrera-Teran, an alien who had previously been deported, thereafter entered the United States of America having not obtained the consent of the Attorney General of the United States for reapplication by the Defendant for admission into the United States." In September 1997, Cabrera pleaded guilty.

## II.

Cabrera contends, for the first time on appeal, that the indictment fails to allege an offense because it omits the "arrest" element of illegal reentry. We agree and vacate the conviction.

## A.

We review *de novo* a challenge to the sufficiency of an indictment. *United States v. Fitzgerald*, 89 F.3d 218, 221 (5th Cir. 1996). An indictment's failure to charge an offense

constitutes a jurisdictional defect.[2]  Because an indictment is jurisdictional, defendants at any time may raise an objection to the indictment based on failure to charge an offense, and the defect is "not waived by a guilty plea." *Morales-Rosales*, 838 F.2d at 1361-62; *see also* FED. R. CRIM. P. 12(b)(2).  If an objection is "raised for the first time on appeal and the appellant does not assert prejudice, . . . the indictment is to be read with maximum liberality finding it sufficient unless it is so defective that by any reasonable construction, it fails to charge the offense for which the defendant is convicted."  *Fitzgerald*, 89 F.3d at 221.[3]

B.

To be sufficient, an indictment must allege each material element of the offense; if it does not, it fails to charge that offense.[4]  This requirement stems directly from one of the central purposes of an indictment: to ensure that the grand jury finds probable cause that the defendant has committed each element of the offense, hence justifying a trial, as required by the Fifth

---

[2] *See United States v. Hughey*, 147 F.3d 423, 436 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 569 (1998); *see also United States v. Morales-Rosales*, 838 F.2d 1359, 1361 (5th Cir. 1988) (citing *United States v. Edrington*, 726 F.2d 1029, 1031 (5th Cir. 1984)); *United States v. Meacham*, 626 F.2d 503, 510 (5th Cir. 1980).

[3] *See also United States v. Chaney*, 964 F.2d 437, 447 (5th Cir. 1992); *United States v. Wilson*, 884 F.2d 174, 179 (5th Cir. 1989).

[4] *See United States v. Gaytan*, 74 F.3d 545, 552 (5th Cir. 1996); *see also Russell v. United States*, 369 U.S. 749, 763-64 (1962) (noting that one criterion by which the sufficiency of an indictment is judged is "whether the indictment contains the elements of the offense intended to be charged") (quotation omitted) (citing cases); *United States v. Deisch*, 20 F.3d 139, 145 (5th Cir. 1994); *Wilson*, 884 F.2d at 179.

3

Amendment.[5]

At the time Cabrera allegedly committed the offense, the government, to obtain a conviction under § 1326,[6] was required to prove "[i] that defendant was an alien, [ii] and [iii] that he was "arrested" and "deported" as those terms are contemplated by the statute, [iv] that he was subsequently found within this country, and [v] that he did not have consent from the Attorney General to reapply for admission." *United States v. Wong Kim Bo*, 466 F.2d

---

[5] *See*, *e.g.*, *Wilson*, 884 F.2d at 179; *United States v. Outler*, 659 F.2d 1306, 1310 (5th Cir. Unit B Oct. 1981); *Van Liew v. United States*, 321 F.2d 664, 669 (5th Cir. 1963). The other oft-cited purposes, not at issue in this appeal, are (1) double jeopardy protection and (2) notice of the offense charged. *See*, *e.g.*, *Chaney*, 964 F.2d at 446; *Van Liew*, 321 F.2d at 668.

[6] At that time, the statute read:

(a) Subject to subsection (b) of this section, any alien who§§

   (1) has been arrested and deported, has been excluded and deported or has departed the United States while an order of exclusion or deportation is outstanding, and thereafter

   (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

In 1996, Subsection (a)(1) was modified, *see* Pub. L. 104-208, § 308(d)(4)(J)(i). The words "denied admission, excluded, deported, or removed" were substituted for "arrested and deported, has been excluded and deported," and the words "exclusion, deportation, or removal" were substituted for "exclusion or deportation." Subsection (a)(2)(B) also was modified, *see* Pub L. 104-208, § 308(d)(4)(J)(ii), with "denied admission and removed" substituted for "excluded and deported."

4

1298, 1302 (5th Cir. 1972).[7]  The parties agree that the indictment fails to allege that Cabrera was "arrested," an element of the offense.   This would seem to end our inquiry, as the indictment fails to charge an offense, hence depriving the district court of jurisdiction to accept the guilty plea.

The government, however, attempts to evade this result by asserting that the error is technical, that Cabrera sought and reviewed records from his prior deportation hearing to determine whether he had a defense before entering his guilty plea, that the criminal complaint included the term "arrest," and that the statutory citation in the indictment informed Cabrera of the offense charged.  None of these observations saves the indictment from facial deficiency.


1.

The government makes several references to the "technical" nature of the error.  It is true that we are governed by practical considerations and should not reverse a conviction based on a purely technical error in the indictment.  *See Gaytan*, 74 F.3d at 551.  But the failure to allege the arrest element of the offense is not technical.  As this court explained in *Wong Kim Bo*, the "arrest" is an essential element of the offense; we addressed to what the arrest element referred, concluding that it referenced

---

[7] *See also*, *e.g.*, *United States v. Asibor*, 109 F.3d 1023, 1031 (5th Cir.), *cert. denied*, 118 S. Ct. 254 (1997) (including an "arrest" as an element); *United States v. Flores-Peraza*, 58 F.3d 164, 166 (5th Cir. 1995) (same); *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1131-32 (5th Cir. 1993) (same).

an arrest after a deportation hearing and the issuance of a warrant of deportation (Form I-205) pursuant to 8 C.F.R. § 243.2.  *See Wong Kim Bo*, 466 F.2d at 1304.

We further noted that INS Form I-294, "which specifically informs the alien of the criminal penalties to which he may be subjected should he thereafter reenter the country without the prior consent of the Attorney General," accompanies the issuance of the warrant of deportation.  *Id*.  We concluded that the arrest element formed an essential part of the offense, because "Congress might understandably hesitate to impose criminal sanctions for reentry where the alien does not know or realize that he has been officially deported.  The arrest of an alien after an order of deportation has become final provides great assurance that the alien understands that he is being officially deported." *Id.*  The arrest pursuant to a warrant of deportation, then, stands as an important guarantee of notice in the statute.[8]  Calling the error technical does not make it so; by failing to allege an essential element of the crime, the indictment fails to charge an offense.


## 2.

The government asserts that Cabrera sought and reviewed the records of the January 10, 1996, deportation proceeding on which the government relied.  Apparently, we are to believe that this fact mitigates or cancels the error in the indictment by showing

---

[8] Although, as we have noted, the statute was amended in 1996 to eliminate the arrest element, that does not alter our conclusion that it was an essential element when the offense allegedly occurred.

that Cabrera suffered no prejudice.

We rejected a similar argument in *Outler*, in which the defendant challenged an indictment for several counts of unlawful dispensing of controlled substances for failing to allege the element that the prescriptions lacked legitimate medical reasons. Even though the prosecution introduced evidence substantiating this element for each count, and the jury instructions accurately included the element, *see* 659 F.2d at 1308, we reversed the convictions. *See id.* at 1314. We found the element's absence from the indictment fatal, irrespective of the government's post-indictment proffer of evidence and the defendant's notice of the offense charged.

3.

The government avers that the criminal complaint initially filed against Cabrera included the term "arrested," adequately putting him on notice of the offense charged. Again, the argument fails. First, as we have said, the indictment is jurisdictional. A facially complete complaint cannot make up for the shortcomings of the indictment; the parties cite, and we can find, no caselaw as to how it might.

Second, an indictment need not be limited to the terms of a complaint.[9] Because the indictment may stray from the complaint, it would be improvident to turn to the complaint to flush out the

---

[9] *See Fairman v. United States*, 544 F.2d 197, 198 (5th Cir. 1976) (rejecting claim that indictment defective because it alleged transactions not alluded to in the complaint).

indictment.  Rather, we expect that grand juries may find things that do not appear in the complaint or fail to find things that do.

Third, the central jurisdictional purpose of an indictment negates the wisdom and propriety of relying upon the complaint to provide elements missing from the indictment.  The indictment ensures that the grand jury has the had the opportunity to review evidence supporting, and find sufficient cause to charge a defendant with, each element of the offense before the court may entertain prosecution.[10]  Only the appearance in the indictment of all of the offense's elements meets this requirement.

4.

The government relies on the indictment's citation to the statute.  This presents the most challenging of the government's arguments, because at first glance, Fifth Circuit caselaw is not entirely pellucid on whether a statutory citation suffices to meet the requirement that all elements appear in the indictment.  After a thorough review of the cases, we conclude that statutory citations may not stand in place of the inclusion of an element of the crime.

The government quotes *United States v. Campos-Asencio*,

---

[10] *See Russell*, 369 U.S. at 770 (rejecting contention that omission from indictment was a technical deficiency that could be cured by a bill of particulars, because then defendant could be "convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him"); *see also Wilson*, 884 F.2d at 179; *Outler*, 659 F.2d at 1310; *United States v. O'Hagan*, 139 F.3d 641, 651 (8th Cir. 1998) (holding that indictment must include all elements to "ensure that the grand jury has considered and found all essential elements of the offense charged"); *United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir. 1987) (en banc) (same).

822 F.2d 506 (5th Cir. 1987), for the proposition that "[a] statutory citation cannot, by itself, substitute for setting forth the elements of the crime, but a citation may reinforce other references within the indictment." *Id.* at 507.[11] Although we agree that a statutory citation alone is insufficient, *Campos-Asencio* fails to support the government's argument.

In that case, the defendant was convicted of illegal reentry on an indictment that failed to make explicit reference to the absence of the Attorney General's consent to reentry. We held that the indictment, construed liberally (as we must do when it is challenged for the first time on appeal), sufficiently included the element (if indeed it is an essential element, a question we passed on) by alleging Campos was in the United States "unlawfully" and referencing the statute. *Campos-Asencio*, 822 F.2d at 507.

Unlike the one in *Campos-Asencio*, however, the instant indictment contains no term that we may construe liberally in conjunction with the statutory citation to refer to the arrest element. The indictment lacks any reference to an arrest whatsoever.

Several other cases that have relied, in part, on statutory references fall into the same category as *Campos-Asencio*: statutory citations reinforcing terms that may be liberally construed to refer to the missing element. For example, in *Fitzgerald*, the defendant challenged an indictment for possession

---

[11] *See also Wilson*, 884 F.2d at 179 ("While a statutory citation cannot, standing alone, meet this test, a citation to the statute reinforces other references within the indictment.") (quotation omitted).

9

of cocaine base in excess of five grams for failing to include the weight element of that offense; only the count's caption mentioned the weight. We held that the quantity was sufficiently charged because "[t]he caption stated the quantity, [and] the body of the count referenced the statute." 89 F.3d at 223. As in *Campos-Asencio*, the statutory reference merely reinforced another reference in the indictment.[12]

Likewise, in *Chaney*, *Gearing v. United States*, 432 F.2d 1038 (5th Cir. 1970), and *Downing v. United States*, 348 F.2d 594 (5th Cir. 1965), the defendants challenged indictments for failure to track the statutory scienter language. We affirmed all three convictions. In these cases, statutory references reinforced language in the indictment that pointed to the scienter, but in words different from those in the statute. In none of the cases did a statutory citation alone suffice.

Other Fifth Circuit cases present greater difficulty. In *United States v. Hagmann*, 950 F.2d 175, 183-84 (5th Cir. 1992), we upheld a conviction under the Travel Act where the indictment failed to allege an overt act subsequent to the act of travel. In a footnote, we addressed the notion that a statutory citation cannot serve as a substitute for the elements appearing in the indictment. *See id.* at 183 n.15. By addressing a Fourth Circuit case that had no real relevance to the conviction being reviewed, the footnote implies that a statutory reference suffices to

---

[12] *See United States v. Arteaga-Limones*, 529 F.2d 1183, 1188 (5th Cir. 1976) (instructing that when judging indictment's sufficiency we may look to the caption and heading).

establish an element of the offense.  But the gravamen of the footnote is that we may "look to the statutory language" in determining the sufficiency of an indictment, not that a statutory citation may replace an element.  We cited *United States v. Gordon*, 780 F.2d 1165 (5th Cir. 1986), a case that has nothing to do with mere citation of the statute, as is at issue here and in the Fourth Circuit case the footnote appears to reject.  The footnote is inapposite *dictum* and therefore  does not concern us.

In *Arteaga-Limones*, 529 F.2d at 1199-1200, it initially appears that we did rely solely on a statutory citation to provide the scienter element of the charged offense.  The only possible language in the indictment that the citation may have been reinforcing is that the defendant "imported and caused to be imported" certain drugs.

To convict, the jury had to find knowledge or intent.  We held that

> the language used was accompanied by specification of the statutory section numbers.  The jury was charged that they must find knowledge or intent in order to convict.  The indictment's adequate appraisal of the offense charged and the trial court's instruction concerning the need for evidence of scienter, prevented any injustice to Arteaga.

*Id.* at 1200 (citations omitted).  Although it appears that the decision rested solely on the statutory reference (The jury charge argument suffers from the bootstrap argument in a jurisdictional challenge.), the cited cases afford that basis no support, and the court provides no discussion of why it could rely on the statutory reference.  Furthermore, although the panel adequately addresses

11

the contention that Arteaga lacked notice of the crime charged, it fails to analyze accurately any contention that the indictment was jurisdictionally defective.

We can conclude only that the language "caused to be imported," when buttressed by the statutory reference, sufficed to reference the scienter element. Indeed, in *Wilson*, 884 F.2d at 180, we explained *Arteaga-Limones* as a case in which the facts and language in the indictment "fairly import[] knowledge of intent."

The purpose of an indictment confirms our reading of these cases. To guarantee the right to be tried only after indictment, the grand jury must consider and find evidence supporting all of the crime's elements. *See*, *e.g., O'Hagan*, 139 F.3d at 651. Requiring that all of the elements, rather than mere statutory citations, appear on the face of the indictment helps to ensure that the grand jury has done this.[13]

Other circuits that squarely have addressed the issue agree that a statutory citation alone cannot satisfy the need to include all elements of the crime in the indictment.[14] We join these circuits and clarify our caselaw by concluding that a statutory citation, standing alone, cannot substitute for including an

---

[13] *See Outler*, 659 F.2d at 1308-11 (holding indictment failed to charge an offense because absence of element meant grand jury may not have considered it, despite appearance of statutory citation in each count of the indictment); *United States v. Zangger*, 848 F.2d 923, 925 (8th Cir. 1988).

[14] *See*, *e.g.*, *Zangger*, 848 F.2d at 925; *United States v. Darby*, 37 F.3d 1059, 1062 (4th Cir. 1994); *United States v. Forbes*, 16 F.3d 1294, 1297 (1st Cir. 1994); *United States v. Hernandez*, 980 F.2d 868, 871 (2d Cir. 1992) (per curiam); *Pupo*, 841 F.2d at 1239 (4th Cir. 1987) (en banc) (and cases cited therein).

12

element of the crime in an indictment.[15]

C.

We are aware of *United States v. Hernandez-Arias*, No. 96-41149 (5th Cir. June 12, 1997) (per curiam) (unpublished), in which a panel held, on similar facts, that, despite absence of the arrest element a statutory citation saved an indictment charging illegal reentry. Unpublished opinions issued on or after January 1, 1996, are not precedent, *see* 5TH CIR. R. 47.5.4, and we decline to follow *Hernandez-Arias*.

Cabrera cites *United States v. Davis*, No. 94-5752 (4th Cir. Aug. 13, 1996) (unpublished), in which the court *sua sponte* raised the indictment's failure to state the arrest element and vacated the conviction. The record reflected that, in contrast to the situation here, the government had introduced at trial the warrant of deportation establishing the arrest. Nonetheless, relying on *Wong Kim Bo* for the proposition that the arrest is an essential element, the court found that the indictment failed to put the

---

[15] In a final volley, made in a letter submitted pursuant to FED. R. APP. P. 28(j), the government points to *United States v. James*, 980 F.2d 1314 (9th Cir. 1992). We find *James* unpersuasive. There, the defendant made a tardy jurisdictional challenge to the indictment's failure to state that he and the victim were Indians, as required by the offense of aggravated rape on an Indian reservation under 18 U.S.C. §§ 1151, 1153, and 2241(a). *See id.* at 1316. The situation there was unlike the circumstance here, however, in that

> [t]he government provided [the defendant] James with a copy of the grand jury proceedings which included the testimony of an agent of the Federal Bureau of Investigation who testified to the fact that both James and the victim were enrolled Indians, and that the crime occurred on an Indian reservation. These facts never were contested by James and were proven again at trial beyond a reasonable doubt.

*Id.* at 1318; *see also id.* at 1317.

13

defendant on notice of the criminal intent the government would have to prove. The court concluded that "even the most liberal construction of the indictment would permit no conclusion except that it utterly failed to allege that [the defendant] was arrested prior to being deported." *Id.*

Like the indictment in *Davis*, the instant indictment utterly fails to allege the arrest element. No degree of liberality in interpretation, let alone any reasonable construction, allows us to find the element within the indictment's text.

Because of this omission, the indictment fails to charge an offense, leaving the district court without jurisdiction. If the government indeed has the requisite evidence that Cabrera has been arrested, it may return to the grand jury for a sufficient indictment. We VACATE the judgment of conviction and REMAND.

14