IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-50993
Summary Calendar
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

  v.

LARRY DEAN CRULL,

      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-97-CR-55-ALL)
_____

June 3, 1999

Before KING, Chief Judge, DUHE' and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Larry Dean Crull was convicted after a jury trial of two counts of attempting to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and of one count of possessing ephedrine (a component of methamphetamine), in violation of 21 U.S.C. § 841(d)(1).  On appeal, he argues (1) that the indictment fails to allege sufficiently the crimes with which he was charged

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

and (2) that there was insufficient evidence to support his convictions for attempt to manufacture methamphetamine.  We affirm.

We review the sufficiency of an indictment de novo.  <u>See</u> <u>United States v. Gaytan</u>, 74 F.3d 545, 551 (5th Cir. 1996).  Although Crull raises the sufficiency of his indictment for the first time on appeal, "[b]ecause an indictment is jurisdictional, defendants at any time may raise an objection to the indictment based on failure to charge an offense."  <u>United States v.</u> <u>Cabrera-Teran</u>, 168 F.3d 141, 143 (5th Cir. 1999).  However, if the defect is raised for the first time on appeal and the appellant does not assert prejudice, "the indictment is to be read with maximum liberality finding it sufficient unless it is so defective that by any reasonable construction, it fails to charge the offense for which the defendant is convicted."  <u>Id.</u> (internal quotation marks omitted).

Crull argues that "the Government clearly failed to provide [Crull] with a 'plain, concise and definite written statement of the <u>essential facts</u> constituting the offense charged'" (citing Fed. R. Crim. P. 7) (emphasis added by Crull).  The indictment in this case does not contain any specific facts.  Instead, it simply sets forth the elements of the offenses charged and states that on the listed dates the defendant committed the listed offenses in the Western District of Texas.  There is no requirement, however, that the indictment contain detailed factual descriptions of the offenses charged.  <u>See</u> <u>Gaytan</u>, 74

2

F.3d at 551-52 (finding indictment sufficient in spite of defendants' argument that it was "factually barren" and did not contain "time, dates, places and persons involved and specific criminal acts necessary to know the nature of the charges and prepare a defense").  Both the Sixth Amendment and Federal Rule of Criminal Procedure 7 require only that the indictment "(1) enumerate each prima facie element of the charged offense; (2) fairly inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions."  Id.  The indictment in the present case meets these requirements.

Crull also challenges the sufficiency of the evidence to support his attempt convictions.  Although Crull moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 after the government finished presenting evidence, he failed to renew his motion at the close of all evidence.  "Where a defendant fails to renew his motion at the close of all the evidence, after defense evidence has been presented, he waives his objection to the earlier denial of his motion." United States v. Daniel, 957 F.2d 162, 164 (5th Cir. 1992).  "In this circumstance, appellate review is limited to determining whether there was a manifest miscarriage of justice, that is, whether the record is 'devoid of evidence pointing to guilt.'" Id. (quoting United States v. Robles-Pantoja, 887 F.2d 1250, 1254 (5th Cir. 1989)).  "In making this determination, the evidence, as with the regular standard for review for insufficiency of

evidence claims, must be considered in the light most favorable to the government, giving the government the benefit of all reasonable inferences and credibility choices."  United States v. Ruiz, 860 F.2d 615, 617 (5th Cir. 1988) (internal quotation marks omitted).  After reviewing the record and the arguments of the parties, we conclude that there was ample evidence to support Crull's two convictions for attempting to manufacture methamphetamine.  See United States v. Anderson, 987 F.2d 251, 255-56 (5th Cir. 1993).

AFFIRMED.