IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20794
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSÉ ATADEO PENADO-RAMOS, also
known as José Atadeo Ramirez-Penado,
also known as José Atadeo Penado,
also known as José Attado Ramox,
also known as José Attado Ramos, also
known as José A. Ramos, also known as
José Ramos, also known as José Ataded
Penado, also known as José Aladeo
Penado-Ramos, also known as José Atadeo,
also known as José Avadeo Penado-Ramos,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. H-99-CR-201-ALL
_____

June 1, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

José Atadeo Penado-Ramos appeals his conviction for illegal

reentry pursuant to 8 U.S.C. § 1326(a), (b)(2).  He argues that:

(1) the indictment was insufficient for failing to allege an

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

element of intent; (2) the evidence was insufficient to support the jury's verdict because the evidence indicated that he reasonably believed that his reentry was lawful and because he established a defense of entrapment by estoppel; and (3) specific intent is a material element of an offense under § 1326. He concedes that his specific intent argument is foreclosed by this court's holding in United States v. Trevino-Martinez, 86 F.3d 65, 69 (5th Cir. 1996).

This court reviews a challenge to the sufficiency of the indictment de novo. See United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir. 1999). An indictment must allege each material element of the offense in order to be sufficient. See id. Because intent is not a material element of a violation of § 1326, Penado-Ramos's challenge fails. See id. at 143-44, 144 n.7.

This court also reviews a challenge to the sufficiency of the evidence de novo. See United States v. Medina, 161 F.3d 867, 872 (5th Cir. 1998), cert. denied, 119 S.Ct. 1344 (1999). Penado-Ramos's argument that he reasonably believed that his reentry was lawful does not affect the sufficiency of the evidence supporting his guilty verdict because such a belief is not a defense to criminal liability under § 1326. See United States v. Asibor, 109 F.3d 1023, 1036 (5th Cir. 1997); Trevino-Martinez, 86 F.3d at 68. Furthermore, a defense of entrapment by estoppel is not available to Penado-Ramos because there was no evidence, nor has he alleged,

that he was induced to rely on an affirmative misrepresentation of the law by a government official.  See Trevino-Martinez, 86 F.3d at 69.

Accordingly, the district court's judgment is

A F F I R M E D.