**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-20073

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PERVIS MICHAEL HARDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
Dist. Ct. No. H-99-CR-53-1

_____

November 29, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]


Pervis Michael Harden appeals his conviction on one count of being a felon in possession of

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

a firearm under 18 U.S.C. § 922(g)(1) and one count of unlawful transfer of a firearm under 26 U.S.C. §§ 5812, 5861(e), and 5871. Harden argues that he was improperly convicted because both the indictment and the evidence were insufficient. Harden's claims are without merit, and therefore his conviction is affirmed.

A challenge to the sufficiency of an indictment is reviewed *de novo*. *See United States v. Cabrera-Teran*, 168 F.3d 141, 143 (5th Cir. 1999). An indictment which includes all the elements of the offense is sufficient. *See id.*; *see also United States v. Barksdale-Contreras*, 972 F.2d 111, 113 (5th Cir. 1992). As we stated in *United States v. Gresham*, 118 F.3d 258, 265 (5th Cir. 1997), "the jurisdictional nexus provision of § 922(g)(1) requires only a 'minimal nexus' between the firearm and interstate commerce." Accordingly, an indictment under § 922(g)(1) is not defective for stating only that the firearm affected "commerce." *See United States v. Shelton*, 937 F.2d 140. 142-43 (5th Cir. 1991). Because Harden's indictment charged him with "knowingly possess[ing] in and affecting commerce, firearms," his indictment was not insufficient.

Harden also argues that the indictment was insufficient because the counts that charged him with violations of 26 U.S.C. §§ 5861(e), 5812, and 5871 failed to allege a connection to interstate commerce. The aforementioned provisions, however, were enacted under Congress' taxing power and not its Commerce Clause power. *See* 26 U.S.C. §§ 5861(e), 5812, 5871. Consequently, no interstate activity is necessary to support an indictment under these provisions.

Harden also contends that the government's evidence against him was insufficient to show that he possessed and transferred firearms illegally. Although Harden raised this objection to the evidence in a motion for a directed verdict at the close of the government's case, he failed to renew this motion at the close of all the evidence. Consequently, his sufficiency of the evidence claim is

reviewed for plain error.  *See United States v. McCarty*, 36 F.3d 1349, 1358 (5th Cir. 1994).

Harden asserts that the government's case rests on the testimony of a confidential informant, who, Harden claims, had questionable motives for testifying, and was of dubious character.  Concerns of witness credibility, however, are "generally not a sound basis for alleging insufficiency of the evidence on appeal."  *See United States v. Polk*, 56 F.3d 613, 620 (5th Cir. 1995).  It is well established that the jury is accorded the responsibility to determine a witness' credibility.  *See United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998).  In this case, the jury was educated regarding the informant's possible motives for testifying, his questionable integrity, and his criminal history.  After weighing this information, the jury found  the informant's version of the events credible.  We will not disturb that determination on appeal.

For the foregoing reasons, the judgment of the district court is AFFIRMED.