IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40470
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO CESAR ACOSTA-FUNEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-99-CR-451-1
--------------------
December 14, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Acosta-Funez argues that a prior felony conviction must be included in an indictment charging an illegal reentry following deportation if the defendant is subject to an enhanced sentence under 8 U.S.C. § 1326(b). He argues that because the element of a prior felony conviction was not included in his indictment, his sentence should be vacated and he should be resentenced to a maximum term of two years.

Acosta acknowledges that in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), the Supreme Court held that a prior

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felony conviction under 8 U.S.C. § 1326(b)(2) was merely a sentencing factor and, thus, need not be included in the indictment.  He argues, however, that in its subsequent decision in Apprendi v. New Jersey, 120 S. Ct. 2348, 2362 (2000), the Supreme Court stated that it was arguable that Almendarez-Torres was decided incorrectly and, thus, he is raising the argument to preserve it for Supreme Court review.

Acosta concedes that he failed to raise this challenge in the district court.  Insofar as Acosta is challenging the sufficiency of his indictment because it failed to allege an essential element of the offense, the issue is reviewed de novo.  See United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir. 1999).  However, Acosta's challenge to the length of the sentence imposed is reviewed for plain error.  See United States v. Meshack, 225 F.3d 556, 575 (5th Cir. 2000).

In light of the clear precedent of Almendarez-Torres, Acosta has failed to show that his indictment was fatally defective or that the district court committed error, plain or otherwise, in imposing Acosta's sentence.  See United States v. Dabeit,___ F.3d __ (5th Cir., Oct. 30, 2000, No. 00-10065) 2000 WL 1634264 at *4. The judgment of the district court is thus AFFIRMED.