**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-20500
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JESUS LOPEZ-CERVANTES,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(H-00-CR-72-1)

February 22, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Jesus Lopez-Cervantes ("Lopez") appeals his conviction and sentence after pleading guilty to illegal reentry by a previously deported alien. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

On October 23, 1999, when agents of the Immigration and Naturalization Service interviewed Lopez in the Harris County Jail, they discovered that he was a citizen of Mexico. Official records revealed that he previously had been convicted of, and served a prison term for, burglary of a building and subsequently had been deported to Mexico on June 3, 1999.

On February 14, 2000, Lopez was charged in the district court in a one-count indictment with being an alien who previously had been deported and who was unlawfully found in the United States, in violation of 8 U.S.C. § 1326(a), (b)(2). The indictment charged the following:

> On or about Ocober 23, 1999, in the Houston Division of the Southern District of Texas,
>
> JESUS LOPEZ-CERVANTES
>
> defendant herein, an alien previously deported and removed from the United States, was found present in the United States at Houston, Texas, without having obtained the consent of the Attorney General of the United States to apply for readmission into the United States.

On March 7, 2000, Lopez pleaded guilty to the illegal reentry charge. The district court sentenced Lopez to eighty-seven months' imprisonment. Lopez timely appealed.

Lopez argues that his sentence should be vacated in light of the Supreme Court's recent opinion in Apprendi v. New Jersey, 120 S. Ct. 2348, 2362 & n.15 (2000). He argues that a prior felony conviction is an element of the offense of reentry following deportation after a felony conviction, and that his indictment did

not allege a prior felony conviction.

The substantive offense of illegal reentry following deportation is defined is 8 U.S.C. § 1326(a) and is punishable by a term of up to two years' imprisonment.  Section 1326(b) establishes enhanced penalties for persons who reenter the United States if they were deported following certain convictions.  Reentry by an aggravated felon is punishable by up to twenty years' imprisonment.  See § 1326(b)(2).  In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that § 1326(b)(2)'s enhancement provision is a sentencing factor and not a separate criminal offense which must be alleged in the indictment.  523 U.S. at 235.  The Supreme Court expressly declined to overrule Almendarez-Torres.  United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (citing Apprendi, 120 S. Ct. at 2362).  Accordingly, Lopez's argument has no merit.

Lopez next argues that the indictment fails to charge an offense because it does not allege general intent *mens rea* on his part.  Because an indictment is jurisdictional, a defect is not waived by a guilty plea and may be challenged for the first time on appeal.  United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir. 1999).

Lopez is correct that § 1326 is a general intent offense. United States v. Guzman-Ocampo, -- F.3d --, 2000 WL 1868226 at *3 (5th Cir. 2000).  However, his indictment "fairly imported" that

3

his reentry was a voluntary act[2] and is, therefore sufficient.  <u>Id.</u>

Based on the foregoing, we affirm Lopez's conviction and sentence.

AFFIRMED.

---

[2]The indictment which we approved in <u>Guzman-Ocampo</u> read: "On or about March 10, 1999, in the Southern District of Texas, Armando Guzman-Ocampo, . . . an alien previously excluded, deported, and removed from the United States, was found present in the United States, at Houston, Texas, without having obtained consent from the Attorney General of the United States to reapply for admission into the United States."  <u>Id.</u>, at *4 n.13.

4