IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-41081
Summary Calendar
_____

UNITED STATES OF AMERICA

                                        Plaintiff - Appellee

v.

JOAQUIN ESTRADA-CASTRO

                                        Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-453-1
_____

May 18, 2001

Before KING, Chief Judge, and SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant Joaquin Estrada-Castro appeals his

conviction under 8 U.S.C. § 1326.  For the following reasons, we

AFFIRM.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

# I.  FACTUAL AND PROCEDURAL BACKGROUND

On July 7, 1997, Defendant-Appellant Joaquin Estrada-Castro, a citizen of Mexico, was apprehended (along with another undocumented alien) by U.S. Border Patrol agents in Encinal, Texas.  Estrada-Castro, who has a history of criminal convictions and a prior deportation, admitted to illegally entering the United States by wading across the Rio Grande River near Laredo, Texas.  On May 2, 2000, Estrada-Castro was charged in a one-count indictment with being present in the United States as a previously deported alien.  See 8 U.S.C. § 1326.[1]

On May 19, 2000, Estrada-Castro filed a motion to dismiss the indictment,[2] arguing that it did not allege any act or intent

---

[1]     Section 1326 states in relevant part:

(a) In general
   Subject to subsection (b) of this section, any alien who—
        (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
        (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) . . . the Attorney General has expressly consented to such alien's reapplying for admission; or (B) . . . such alien shall establish that he was not required to obtain such advance consent . . ., shall be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1326 (1999).

[2]     The indictment against Estrada-Castro states:

THE GRAND JURY CHARGES THAT:

        On or about April 8, 2000, in the Southern

2

on his part.  The district court denied this motion on May 24, 2000, and, on June 19, Estrada-Castro pled guilty to the indictment.  The district court subsequently sentenced him to fifty-seven months[3] in prison and three years of supervised release.  Estrada-Castro timely appeals.

## II. STANDARD OF REVIEW

We review challenges to the sufficiency of the indictment, which have been preserved by being raised in the district court, under a de novo standard of review.  See United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000); United States v. Asibor, 109 F.3d 1023, 1037 (5th Cir. 1997).  Furthermore,

---

District of Texas and within the jurisdiction of the Court, the defendant,

JOAQUIN ESTRADA-CASTRO,

an alien who has been denied admission, excluded, deported, or removed, or has departed the United States while an order of exclusion, deportation or removal is outstanding, and having not obtained the consent of the Attorney General of the United States for reapplication by the Defendant for admission into the United States, was thereafter found in the United States.

In violation of Title 8, United States Code, Section 1326.

[3]    The Probation Department had calculated Estrada-Castro's criminal history category to be V.  Estrada-Castro objected at sentencing to this calculation, arguing that a prior conviction was unsupported by a judgment and conviction.  The district court agreed and reduced Estrada-Castro's criminal history category to IV, which in turn reduced his punishment range under the U.S. Sentencing Guidelines.

"[b]ecause an indictment is jurisdictional, . . . the defect is not waived by a guilty plea." United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir. 1999) (internal quotations and citations omitted); see also United States v. Marshall, 910 F.2d 1241, 1243 (5th Cir. 1990).

## III. SUFFICIENCY OF THE INDICTMENT

In essence, Estrada-Castro argues that the indictment violates the Fifth and Sixth Amendments to the U.S. Constitution because it does not allege any intent on his part.[4]  We recently considered this very issue.  See United States v. Berrios-Centeno, No. 00-20373, --- F.3d ---- (5th Cir. April 27, 2001). We first held that § 1326 is a general intent offense (and not a strict liability offense, as advocated by the government).  See id., manuscript at 6-8.  We also held that Berrios-Centeno's indictment sufficiently alleged the requisite general intent as it fairly conveyed that the defendant's presence in the United

---

[4]  Estrada-Castro also raises an issue regarding his sentence enhancement, which he received as a result of a prior felony conviction.  He argues that prior felony convictions are elements of the offense under 8 U.S.C. § 1326, as opposed to mere sentencing enhancements.  He recognizes that this issue has been resolved against him by Almendarez-Torres v. United States, 523 U.S. 224 (1998).  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (stating, in a case regarding the very challenge that Estrada-Castro asserts here, that lower courts are compelled to follow directly controlling Supreme Court precedent "'unless and until'" the Court speaks to the contrary (citations omitted)), cert. denied, 121 S. Ct. 1214 (2001).  Estrada-Castro raises this issue in order to preserve it for further review by the Supreme Court.

States was a voluntary act.  See id., manuscript at 9-12.  The indictment in the instant case is almost identical to the indictment found sufficient in Berrios-Centeno.  For the reasons stated in Berrios-Centeno, we conclude that Estrada-Castro's indictment sufficiently alleged the general intent mens rea required of § 1326 offenses.

## IV.  CONCLUSION

For the foregoing reasons, the conviction of Joaquin Estrada-Castro is AFFIRMED.