**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-40590**
**Civil Docket # C-99-CR-305-1**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**FILIBERTO BARRIENTOS,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

June 11, 2001

Before KING, Chief Judge, REAVLEY and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Appellant Barrientos was arrested at the Texas-Mexican border after an inspection revealed that he was carrying 2.9 kilograms of illegal drugs in his truck. The indictment stated that he possessed approximately 3 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Barrientos agreed to plead guilty. Subsequently, a laboratory analysis revealed that

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the drugs were cocaine base and not cocaine.  This fact increased his sentencing range.  <u>See</u> 21 U.S.C. § 841(b)(1)(A).  As a result, his rearraignment was continued to give him additional time to consider the guilty plea.  Barrientos pled guilty one month later. He now challenges the indictment, the factual basis of his guilty plea, and his sentence.  Finding no error, we affirm.

Although Barrientos did not challenge the sufficiency of the indictment in the trial court, the potential failure of an indictment to charge an offense constitutes a jurisdictional defect that may be raised by a defendant at any time.  <u>United States v. Cabrera-Teran</u>, 168 F.3d 141, 143 (5th Cir. 1999).  When the defendant objects to the indictment for the first time on appeal, and he fails to demonstrate prejudice, this court will read the indictment liberally and sustain its sufficiency unless it is so defective that by any reasonable construction, it fails to charge the offense for which the defendant was convicted.  <u>United States v. Wilson</u>, 884 F.2d 174, 179 (5th Cir. 1989).

Barrientos contends that since the indictment failed to allege his illegal possession of cocaine base, rather than simple cocaine, a material element of the offense is missing, and the conviction should be reversed.  This contention is incorrect.  For purposes of defining an offense, the federal illegal possession statute draws no distinction between cocaine and cocaine base, 21 U.S.C. § 841(a)(1).  The distinction among types of drugs is

2

statutorily relevant only for sentencing purposes, as the penalty provisions, contained in separate statutory subsections, demonstrate. See 21 U.S.C. § 841(b)(and subsections thereof). As this court noted in United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000), the Supreme Court has not overruled its decision in Edwards, which held that the judge and not the jury determines the type and amount of controlled substances involved in a violation of 21 U.S.C. § 841(a)(1). See id.(citing Edwards v. United States, 523 U.S. 511, 118 S.Ct. 1475 (1998)). Thus, the indictment sufficiently charged Barrientos with the offense of possession of illegal drugs.

Insofar as the prescribed sentences for possession of cocaine and cocaine base are different under the statute, however, a question of the indictment's Apprendi[1] sufficiency might have existed if the sentence imposed on Barrientos exceeded the statutory maximum for the offense of simple drug possession. But it did not. The maximum term of imprisonment for the offense charged against appellant, a violation of § 841(b)(1)(B), is 40 years, with a 5-year minimum and a minimum 4-year term of supervised release. Barrientos's term of 135 months imprisonment and 5 years supervised release was well within this statutory maximum range. The Fifth Circuit's established case law precludes

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).

any <u>Apprendi</u> violation.  <u>See</u> <u>United States v. Meshack</u>, 225 F.3d 556 (2000).

It should also be noted that Barrientos has not established prejudice from the error in the indictment.  He was advised weeks before he pled guilty that the form of cocaine involved was cocaine base.  The difference that would make in his statutory range of punishment was well-known to him before he pled guilty.  His sentence of 135 months imprisonment was well within the maximum sentence available for this conviction of cocaine possession.  For all these reasons, an interpretation of the indictment with maximum liberality demonstrates its sufficiency to charge Barrientos with the crime that he pled guilty to committing.[2]

Barrientos additionally contends that the factual basis of his guilty plea was insufficient and that there was a "constructive amendment" of the indictment because the factual basis for the plea centered on the cocaine base rather than the charged substance, simple cocaine.  Barrientos's argument substantially overlaps with his sufficiency of the indictment claim discussed above.  Because constructive amendment inquiries

---

[2]    Just as there is no <u>Apprendi</u> error in the sufficiency of the indictment as to Barrientos's term of imprisonment, because that term was well within the statutory maximum with which he was charged, likewise we perceive no infirmity in his 5-year term of supervised release.  That term is also within the indicted statutory range.

4

typically are conducted in the context of jury trials and guilty verdicts, not guilty pleas,[3] the sufficiency of the indictment analysis is the appropriate framework within which to analyze his claim.

Based on the foregoing discussion, the judgment of conviction and sentence imposed upon Barrientos are AFFIRMED.

**AFFIRMED.**

---

[3] *See* United States v. Robles-Vertiz, 155 F.3d 725, 727 (5th Cir. 1998)("A constructive amendment occurs when the government changes its theory during trial so as to urge the jury to convict on a basis broader than that charged in the indictment, or when the government is allowed to prove 'an essential element of the crime on an alternative basis permitted by the statute but not charged in the indictment.'")(quoting United States. v. Salvatore, 110 F.3d 1131, 1145 (5th Cir. 1997)); United States v. Mikolajczyk, 137 F.3d 237, 243 (5th Cir. 1998)("If the amendment contained an accurate description of the crime, and that crime was prosecuted at trial, there is no constructive amendment."); United States v. Doucet, 994 F.2d 169, 172 (5th Cir. 1993)(stating that a constructive amendment "occurs when the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged"); United States v. Moree, 897 F.2d 1329, 1334 (5th Cir. 1990)("[A] constructive amendment of the indictment is reversible error when 'the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged.'")(quoting United States v. Adams, 778 F.3d 1117, 1123 (5th Cir. 1985)). *See also* 4 W. LaFave, J. Israel, & N. King Criminal Procedure § 19.6 (2d. Ed)(discussing constructive amendments only in the context of jury trials); 1 C. Wright, A. Miller, Federal Practice and Procedure § 127 (same).

5