**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-21166
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAXIMILIANO MOLINA-PORTILLO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-405-2

February 19, 2002
Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Maximiliano Molina-Portillo appeals his conviction following a guilty plea to

aiding and abetting the possession of a counterfeit and falsely made Immigration and

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Naturalization Service (INS) Form I-131, a violation of 18 U.S.C. §§ 2 & 1546(a).

He contends that the indictment was constitutionally insufficient and that the factual

basis of his plea failed to establish the charged offense.

We review Molina's challenge to the sufficiency of the indictment, raised for

the first time on appeal, under the standard of "maximum liberality."[1]   Construing

the indictment liberally as we must, see United States v. Cabrera-Teran,[2] we hold

that the indictment's citation to 18 U.S.C. § 1546(a) was sufficient to inform Molina

of the charge.

Molina concedes that he did not raise the objection to the factual basis in the

district court; therefore, our review is for plain error only.[3]   We hold that 8 C.F.R. §

223.2(a) supports a determination under the plain-error standard of review that the

indictment's reference to Form I-131 necessarily includes its supporting

documentation.

---

[1]United States v. Guzman-Ocampo, 236 F.3d 233 (5th Cir. 2000), cert. denied, 121 S. Ct. 2600 (2001).

[2]168 F.3d 141 (5th Cir. 1999).

[3]United States v. Marek, 238 F.3d 310 (5th Cir.) (en banc), cert. denied, 122 S. Ct. 37 (2001).

Applying the plain-error standard of review, we also reject Molina's

argument that the terms "falsely made" and "counterfeited" are interchangeable for

purposes of 18 U.S.C. § 1546(a).[4]

For these reasons, the judgment appealed is AFFIRMED.

---

[4]See, e.g., Moskal v. United States, 498 U.S. 103 (1990) (rejecting the same argument in the context of 18 U.S.C. § 2314); see also United States v. Mitchell, 588 F.2d 481 (5th Cir. 1979).