# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2007

Charles R. Fulbruge III
Clerk

No. 07-50135
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID DELGADO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1661-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

David Delgado appeals following his guilty plea to presenting false documents in violation of 18 U.S.C. § 1001(a)(3). Delgado entered his plea in accordance with a plea agreement wherein he agreed to plead guilty to counts three and four of the indictment in exchange for the Government's agreement to dismiss the remaining counts. The parties also agreed "to request the Court to consult with and take into account the United States Sentencing Guidelines and accompanying policy statements [] for the calculation of [Delgado's]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence." Delgado also agreed to waive his right to appeal his sentence "on any ground" with the exception of ineffective assistance of counsel or prosecutorial misconduct.

Delgado argues that the Government breached the plea agreement by arguing that his base offense level should be any level other than the level called for by the two counts of the indictment to which he pleaded guilty. He argues that any defendant signing a plea agreement such as his "would logically understand that he would be sentenced according to the two counts he pled guilty to and not according to the five counts the government agreed to dismiss."

"Whether the Government has breached a plea agreement is a question of law that the court reviews de novo." United States v. Munoz, 408 F.3d 222, 226 (5th Cir. 2005) (footnote omitted). "In determining whether the Government violated the plea agreement, this court considers whether the Government's conduct was consistent with the defendant's reasonable understanding of the agreement." Id. (internal quotations omitted).

In United States v. Ashburn, 38 F.3d 803, 808 (5th Cir. 1994) (en banc), this court held that the district court did not err in considering, as a ground for an upward departure, conduct which formed the basis for counts dismissed pursuant to a plea agreement. This court noted that although the plea agreement provided for the dismissal of certain counts, the agreement contained no language that could have led the defendant to believe that the dismissed counts could not be used as the basis for an upward departure. Id. The court further noted that the plea agreement clearly stated that there was no agreement as to what the sentence would be. Id.

Similarly, in the instant case, the language of the plea agreement in no way implied a limitation on the district court's power to consider the dismissed counts as a basis for sentencing. The agreement also provided that Delgado was aware that "any sentence imposed can be up to the maximum allowed by statute for the offense." Delgado thus could not have reasonably inferred from the plea

agreement that the district court was barred from considering the dismissed counts in its sentencing determination.

Delgado's argument that his sentence violates "the principle of the indictment" and due process is without merit because he was not convicted of an offense not charged in the indictment. Compare United States v. Cabrera-Teran, 168 F.3d 141, 144 (5th Cir. 1999) (indictment that fails to charge essential elements of the offense violates due process).

Delgado has not shown that the plea agreement was breached. He does not argue that the agreement or the appeal waiver was unknowing or involuntary. Accordingly, the appeal is DISMISSED. See United States v. Baymon, 312 F.3d 725, 729-30 (5th Cir. 2002).